## TODD v. CITY OF LAURENS.

1. ASSESSMENT—CASE FOLLOWED.—There can be only one assessment of town and city property for county, State, and municipal taxation. Following *State ex rel. Ross* v. *Kelley*, 45 S. C., 457.

2. MUNICIPAL CORPORATION—SCHOOL DISTRICT—MUNICIPAL DEBT.— Where the territory embraced in a municipal corporation is by special statute formed into a school district, and such act authorizes the issuing of bonds for school purposes, such bonded debt is not a part of the municipal indebtedness.

3. MUNICIPAL DEBT—COUNTY DEBT—BONDED DEBT.—Can the bonded debt of a county be considered any portion of the debt of the city situate in such county?

4. AMENDMENTS OF MUNICIPAL CHARTERS.—The legislature may amend the charters of cities and towns previously enacted by a general act.

5. BONDED DEBT—MUNICIPAL DEBT—SEC. 7, ART. 8, AND SEC. 5, ART. 10, CON. 1895, CONSTRUED.—No city or town can create a larger bonded municipal debt than eight per cent. of the value of its property as assessed for State taxation, nor greater than fifteen per cent. of such property so assessed, including the bonded debts of all the political divisions embracing such city or town. Sec. 7, art. 8, sec. 5, art. 10, Con. 1895, construed.

Petition by J. W. Todd, in the original jurisdiction of this Court, against the city of Laurens and the city council. Petition refused.

*Messrs. Ferguson & Featherstone*, for petitioner.

*Messrs. Johnson & Richey* and *N. B. Dial*, contra. No printed arguments filed.

March 3, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. This is a proceeding in the original jurisdiction of this Court, wherein it is sought to obtain a perpetual injunction against the city of Laurens and its city council, to enjoin the proposed issue by the respondents of bonds to the amount of $30,000, face value. The petition, the return, and reply fully disclose the facts underlying the controversy, and are as follows:

The humble petition of John W. Todd respectfully shows unto your Honor: 1. That he is a taxpayer and freeholder residing in the city of Laurens, and State aforesaid, and that his name as such appears upon the tax books of said city. 2. That the respondents, as mayor and aldermen, compose the city council of the city of Laurens, a municipal corporation of this State, chartered by an act of the General Assembly of the State of South Carolina, entitled "An act to incorporate the city of Laurens," approved December 24th, 1890. 3. That section 19 of the said charter contains the following provision: "That the said city council shall have power to borrow money for the public uses of the corporation, by issuing from time to time as occasion may require the bonds of said corporation, bearing interest at a rate not to exceed seven per cent. per annum, to be paid semi-annually, for an amount not to exceed $25,000; and for the payment of the interest, and the ultimate redemption of the principal, according to the terms of the loan, the said corporation shall be at all times liable * * *." 4. That under the authority in said provision, the said city of Laurens has already incurred a large bonded indebtedness, and there is outstanding and remaining unpaid $17,500 of the said bonded indebtedness. 5. That the county of Laurens, of which the said city of Laurens is a part, has an outstanding and unpaid bonded indebtedness of $150,000. 6. That the total taxable property of the said county, as shown by the assessment for State and county purposes, is $4,315,356. 7. That the city of Laurens' proportionate part of said taxable property of the said county is $543,150, as shown by the assessment for State and county purposes. 8. That the assessed value of the taxable property in the city of Laurens, as shown by the assessment for city purposes, is $725,000. 9. That under and by virtue of a certain act or acts of the General Assembly of the State of South Carolina, passed at the regular session of 1896, the respondents, acting as the city council of Laurens, ordered an election, upon a petition duly presented in accordance with said acts, sub-

mitting the question to the voters of said city, as to whether or not the said city should incur a debt and issue bonds to the amount of $30,000, for the purpose of erecting or purchasing and operating an electric and water works plant or plants, to supply the said city and its inhabitants with electric lights and water. 10. That at an election duly held for that purpose on the 10th day of September, 1896, a majority of the voters in said city voted in favor of incurring said indebtedness and issuing said bonds, and three commissioners of public works were elected, as required by said act or acts of 1896. 11. That your petitioner is informed and believes, and he so charges, that the respondents, acting as the said city council of Laurens, are about to issue the said $30,000 worth of the said bonds, and have already arranged with certain parties to sell them said bonds when issued. 12. That your petitioner alleges that the respondents, acting as said city council of Laurens, have no right to issue and sell the said bonds, for the following reasons: *First.* Because the said city has already a bonded indebtedness outstanding and unpaid of $17,500, and the proposed issue of $30,000 added to that amount will make more indebtedness than said city has the right to incur under its charter; and your petitioner submits that the said charter is not amended or changed by the acts of 1896. *Second.* Because your petitioner submits that, under article 10, section 5, of the Constitution of 1895, the said city has not the right to issue the said bonds, for the reason that the said county of Laurens, of which the said city of Laurens is a part, and the said city of Laurens, together already have outstanding and unpaid $167,500 worth of bonds, which is more than 15 per cent. of the taxable property of the said city, and, therefore, more than it is entitled to under said constitutional provision. Wherefore, your petitioner prays: That it be adjudged by this Court that the respondents, acting as the city council of Laurens, have not the right to issue or dispose of the said $30,000 worth of bonds, for the reasons above given, and that the said respondents, their

agents and servants, be perpetually enjoined and restrained from so doing; and for such other and further relief as may be just and proper. And your petitioner will ever pray.

On the 20th day of January, 1897, this Court, on hearing the foregoing petition, duly verified, granted an order requiring the respondents to make return to said petition, and granting a temporary restraining order. Thereupon the respondents made the following return, omitting the formal parts: "The respondents named above make return to the rule issued herein 20th January, 1897, and show for cause why the prayer of the petitioner should not be granted as follows: 1. They admit the allegations contained in paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10 and 11 of said petition. 2. The said respondents allege that a part, viz: $9,000 of the $17,500 indebtedness alleged in paragraph 4 of the said petition, is a debt of and owing by the school district of the town of Laurens; that the said school district of the town of Laurens was established and made a body politic by an act of the General Assembly of the State of South Carolina, entitled 'An act to provide for the establishment of a new school district in the county of Laurens, and to authorize the levy and collection of a school tax therein,' approved December 19th, 1887; that under and by virtue of the said act of 1887, and amendments thereto, approved December 24th, 1890, and December 16th, 1891, and under and by virtue of an act entitled 'An act to authorize the board of trustees of the school district of the town of Laurens to submit to the qualified voters the question of issuing bonds for the use of said school district,' approved December 24th, 1891, the said 'school district of the town of Laurens' created said bonded indebtedness of $9,000. 3. The said respondents allege, on information and belief, that the outstanding indebtedness of the city of Laurens created for the public use of said city is now only $8,500. 4. The said respondents allege that the said school district of the town of Laurens embraces the city of Laurens. 5. The said respondents allege, on information and belief, that the act of

the General Assembly, entitled 'An act to authorize all
cities and towns to build, equip and operate a system of
water works and electric lights, and to issue bonds to meet
the costs of same,' approved 2d March, 1896, is .an amend-
ment to the act chartering the city of Laurens, approved
December 24th, 1890.   6. The said respondents allege, on
information and belief, that the city of Laurens is only
liable for said city's *pro rata* share of the bonded indebted-
ness alleged in paragraph 5 of said petition, which *pro rata*
share amounts to about 3½ per cent. of the taxable value of
the property of the said city of Laurens for State and county
purposes.   7. The said respondents alleged that the now
existing bonded indebtedness of the city of Laurens, viz:
$8,500, and the proposed $30,000, does not and will not
exceed eight per cent. of the value of the taxable property
of the said city of Laurens as taxed for State and county
purposes.   8. The said respondents allege that the aggre-
gate indebtedness of the said city of Laurens, viz: the said
city's *pro rata* share of the bonded indebtedness of Laurens
County, the said city's liability for the debt of the school
district of the town of Laurens, the said city's now existing
debt created for the public use of said city, and the pro-
posed debt of $30,000, do not exceed fifteen per cent. of the
taxable value of the property of said city as assessed for
State and county purposes.   9. The said respondents allege
that the now existing bonded indebtedness created for the
use of the corporation of said city of Laurens, viz: $8,500,
and the $9,000 created by the school district of the town of
Laurens, and the proposed increase of $30,000 indebtedness,
will not exceed eight per cent. of the taxable value of the
property of the said city of Laurens as assessed for city taxes.
10. The respondents allege that the act of 1896, referred to
in paragraph    hereof, gives the said city of Laurens full
power and authority to construct and operate water works
and electric light works within the corporate limits of said
city, and to supply the citizens thereof with water and
lights, and exact payment for same, and the said proposed

$30,000 is for the purpose of paying for said water works and electric light works, and is not for the public use of the corporation of said city, but is a separate and independent business, to be conducted and managed by a board of commissioners of public works, created by said act. 11. The said respondents allege that they have the right to issue said bonds for said purpose. Wherefore, said respondents pray that the petition for injunction be dismissed, and your respondents will ever pray."

To this return of the respondents the petitioner made the following reply: "The petitioner replying to the return filed by the respondents herein: *First.* He admits the allegations and matters of fact set up in paragraphs 2, 3, and 4 of the said return." It is conceded here that all the steps leading up to the election to show that a majority of the voters of the city of Laurens desired the water works and electric lights, and creation of the debt of $30,000 to procure the same, as was required by the act approved 2d March, 1896, have been strictly complied with. So that the only questions we are to consider are those hereinafter referred to.

Before entering upon a consideration of the questions underlying this contention, it may be well to remark, that what is alleged in paragraph 9 of the return of respondents, to wit: that its indebtedness added to its proposed issue of bonds will not exceed fifteen per cent. of the taxable property of said city as assessed for *city taxes* cannot be considered, for under the law as it now exists in this State governing the assessment of property for city taxes, no other assessment of such property for such taxation than the assessment of such property for the purpose of levying taxes for State and county purposes can exist. *State ex rel. Ross* v. *Kelly et al.,* 45 S. C., 457; *article 10, section 13, of the State Constitution adopted in 1895.*

It is admitted that the city of Laurens already owes a debt of its own contraction for city purposes of $8,500, but petitioner insists that it has a bonded debt, in addition, for $9,000, issued for school purposes by the

school district composed entirely of the city of Laurens. This debt of $9,000 cannot properly be said to be a debt contracted by the corporate authorities of the city of Laurens, for we find that the General Assembly in the year 1887 passed "An act to provide for the establishment of a new school district in Laurens County, and to authorize the levy and collection of a school tax therein"—19 Stat. at Large, 1050—by the express provisions of which such school district is made a body politic and corporate, separate and distinct from the city government itself. The tax provided in this act, just quoted, is to be levied and collected by the auditor and treasurer of the county of Laurens, and said tax when collected is to be paid, under certain regulations, to the officers of this newly incorporated school district. Still we will have to take into consideration this debt of $9,000, as we will hereafter more particularly describe.

It is next contended that the county debt of $150,000, for which bonds were issued and are now outstanding, must be viewed as a debt of the city of Laurens, although said indebtedness was created under the acts of the General Assembly of this State, by the county of Laurens, of which county the city of Laurens is a part. It is quite true that this bonded indebtedness of $150,000 is partly the debt of the city of Laurens, but we fail to see how it may under the law be classed as a bonded indebtedness of the corporation known as the city of Laurens. The county of Laurens is made, under the laws of our State, a corporation. To such county of Laurens the General Assembly gave the right to create this debt of $150,000, and fastened upon such corporation the duty of levying taxes for its payment. The corporation of the city of Laurens is not named in connection with this particular indebtedness. We think that the law will be subserved by allotting such a proportion of this debt to the city of Laurens as its proportion of the property assessed for taxation may require. As was very well said in the argument of the respondents at the bar of this Court: "If the county of Laurens authorities were to fail to levy

and collect a tax to meet the annual interest on this bonded indebtedness of the county, the holders of said bonds would have to proceed against the county of Laurens and its officers. When such officers should proceed to assess and levy taxes to pay these $150,000 county bonds, they would be obliged under the Constitution to levy and collect a tax '*uniform in respect to persons and property within the jurisdiction of the body imposing the same*,' art. X., sec. 5    And we so hold, but still the property within the limits of the city of Laurens is answerable for its proportion of this indebtedness in the manner we shall hereafter point out.

Again, the petitioner submits that inasmuch as the 19th section of an act to charter the city of Laurens, approved 24th December, 1890—see 20 Stat. at Large, 934—restricts the debt to be created by said corporation to the sum of $25,000, and as this proposed issue of bonds is itself $30,000, it is illegal, because it exceeds the said limit contained in the charter.    Respondents submit in answer thereto, that an act of the General Assembly, entitled "An act to authorize all cities and towns to build, equip and operate a system of water works and electric lights, and to issue bonds to meet the cost of same," approved 2d March, 1896, is an amendment to the act chartering the city of Laurens, approved 24th December, 1890.    We think the contention of respondents is entirely consistent with the law.    The General Assembly enacted the law of 1890 creating such corporation.    It has the power to amend such charter at its own will.    We do not see that the General Assembly may not do this by an act which is applicable to all the cities and towns it has incorporated.    This Court held in *State ex rel. Vandiver* v. *Tolly*, 37 S. C., 551, that when the charter of the city of Anderson limited its bonded indebtedness to $50,000, a subsequent act could enlarge this limit without destroying, by repeal, other provisions in the chartering act regulating the method to be pursued in creating a bonded indebtedness.

Again, the petitioner submits that, granting that the

present bonded indebtedness of the city of Laurens itself is only $8,500, that the *proportion* of the county of Laurens' indebtedness of $150,000 may be allotted to the city of Laurens, to wit: $18,750, yet that the proposed increase of $30,000 would aggregate $57,250, and that this aggregate of $57,250 would exceed the 8 per cent. of assessed taxable property of city of Laurens ($543,150), which is $43,452, by nearly $14,000. Tabulated, it would be thus stated:

8 per cent. of taxable property of city of Laurens is...$43,452
Present indebtedness is...........................$ 8,500
Proportionate share of county debt is......... 18,750
Proposed issue of bonds is...................... 30,000
Aggregate is.............................................. 57,250

Excess over 8 per cent. of city taxable property is...$13,798

The respondents admit that section 7 of article 8 of our present Constitution restricts municipal corporations, as to its present and future indebtedness, to 8 per cent. of the assessed value of the taxable property therein, but it insists that section 5 of article 10 of our present Constitution: "Section 5. * * * And whenever there shall be several political divisions or municipal corporations, covering or extending over the same territory or portions thereof, possessing a power to levy a tax or contract a debt, then each of such political divisions or municipal corporations shall so exercise its power to increase its debt, under the foregoing 8 per cent. limitation, that the aggregate debt over and upon any territory of this State shall never exceed 15 per centum of the value of all taxable property in such territory, as valued for taxation by the State * * *," fully protects the city of Laurens in its proposed increase of its bonded indebtedness, by the issue of $30,000 of bonds. It must be manifest that the makers of our present Constitution have exhibited great care to prevent any reckless issue of bonds by its different governmental agencies. No city or town in this State can issue its own bonds beyond 8 per

cent. of the assessed value for taxation of the property within its limits, provided, of course, it had not already exceeded this limit of 8 per cent. before the adoption of the Constitution of 1895. We now so hold. But in the event that "there shall be different political divisions or municipal corporations, covering or extending over the same territory or portions thereof, possessing a power to levy a tax or contract a debt," then it is provided that the aggregate debt over and upon any territory of this State shall never exceed 15 per cent. of the taxable property within such territory, as valued for taxation by the State. Now, in the case at bar, we see that the property comprised within the corporate limits of the city of Laurens is liable to be taxed by the city council of Laurens for public purposes of said corporation, by the authorities of the corporation known as the trustees of the special school district, by the county authorities to pay its proportion of the $150,000 of the bonded indebtedness of the county of Laurens. It seems to us very plain that section 5 of article X. of our Constitution was designed to cover and does cover this very contingency. We will now see if this proposed issue of $30,000 of bonds by the city of Laurens exceeds this 15 per cent. limitation. It may be tabulated thus:

Whole taxable property of city of Laurens as
    assessed for taxation by the State .........$543,150 00

15 per cent of $543,150 amounts to.............. $81,472 50
The present bonded indebtedness of
    the city of Laurens is..............$ 8,500
School district of city of Laurens is.. 9,000
Proportionate part of Laurens County
    bonded indebtedness assigned to
    city of Laurens is................ 18,750—$ 36,250 00

Excess over present indebtedness of said terri-
    tory is.............................................. $45,222 50
Proposed issue of bonds by city of Laurens..... 30,000 00

Thus showing that there will still be a margin of $15,222 50

Under this showing it is clear that the petitioner is not entitled to have issued from this Court the writ of injunction prayed for.

It is the judgment of this Court, that the petition be dismissed.

MR. CHIEF JUSTICE MCIVER. I concur in the result; reserving, however, my opinion as to whether the bonded debt of the county can properly be regarded as constituting any part of the bonded debt of the city.

MR. JUSTICE GARY and MR. JUSTICE JONES concur in the result.