8022

VERNER v. MULLER.

1. CONSTITUTION LAW—BRIDGES—TOWNSHIPS.—The purpose of section 6 of article X of the Constitution is to leave the legislature free to authorize counties and townships to establish and maintain public roads, buildings and bridges, and the term "build" therein used may be employed in the sense of "obtain, secure or acquire."

2. IBID.—SPECIAL LAWS.—The act, 28 Stat., 1431, providing that Columbia township may vote bonds to acquire or build a free bridge across Congaree River between Columbia township and Lexington county relates to a corporate purpose of the township and is not a situation that could have been dealt with by a general law.

3. THE COURT WILL TAKE JUDICIAL NOTICE of the geographical situation of a township, and that the State capital is situate therein.

Petition in the original jurisdiction of this Court by J. S. Verner and A. R. Taylor for injunction against W. F. Muller, A. B. Campbell, J. E. Heise, L. M. Hook and Charles Kinsler.

35—89

*Messrs. Weston & Aycock,* for petitioners.

*Messrs. Clakson & Clarkson,* contra.

October 25, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Under the original petition in this case petitioners sought to enjoin the board of county commissioners of Richland county from issuing certain bonds of Columbia township in said county for bridge purposes, pursuant to the act of February 20, 1908, and the questions then presented were decided by this Court in an opinion filed June 14, 1911, reported in 89 S. C. 117, in which the injunction sought was denied.

Under a supplemental petition and with leave of the Court it is sought to renew the request for an injunction upon other grounds than those already considered.

It is now contended that the act of 1908, construed to authorize the purchase of standing bridges, is obnoxious to sec. 6, art X of the Constitution, which provides:

"The General Assembly shall not have power to authorize any county or township to levy a tax or issue bonds for any purpose, except for educational purposes, to build and repair public roads, buildings and bridges," etc.

The purpose of the Constitution was to leave the legislature free to authorize counties and townships to establish and maintain public roads, buildings and bridges. The word "build" may be employed in the sense of obtain, secure or acquire as well as the ordinary meaning. In *Nebraska Loan and Building Association* v. *Perkins,* 85 N. W. 67, 1 Words and Phrases 887, authority to loan funds for "building" homesteads was construed to include the idea of purchasing lots and buildings.

In *Bascom* v. *Oconee,* 48 S. C. 55, 25 S. E. 948, authority to the county commissioners to open and establish a public

road connecting with a bridge over a stream included power to purchase the bridge already constructed.

In *Dick* v. *Scarborough,* 73 S. C. 153, 53 S. E. 86, it was held that authority to issue bonds for establishing municipal waterworks included the acquirement of waterworks by *purchase.*

It is also contended that the act of 1908 is a special law in contravention of subdivision 11, sec. 34, art. III of the Constitution, which reads as follows: "In all other cases where a general law can be made applicable no special law shall be enacted."

The purpose of the act was to provide for free bridges across the Congaree and Broad rivers in this State between Columbia township in Richland county and the county of Lexington.

The Court takes judicial notice of the geographical situation and the fact that the State capital, Columbia, is situated in Columbia township near the confluence of these rivers.

The object to be accomplished related to a corporate purpose of Columbia township and the situation was one which could not have been dealt with by a general law. *State* v. *Brock,* 66 S. C. 362.

Injunction denied and petition dismissed.