10899

STATE v. TOUCHBERRY

(113 S. E. 345)

1. STATUTES—STATUTE PROVIDING FOR VEHICLE LICENSE TAX IN ONE COUNTY NOT INVALID AS SPECIAL LAW WHERE GENERAL LAW CAN BE MADE APPLICABLE.—Act March 11, 1920 (Laws 1920, p. 922), requiring the registry of all vehicles in a designated county, and imposing a license fee the proceeds of which were to be applied to the construction and repair of roads, was not special legislation in violation of Const. Art. 3, § 34, Subd. 9, prohibiting special laws where a general law can be made applicable, since that Statute was

enacted in the exercise of the taxing power under Article 10, § 5, authorizing the assessment and collection of taxes by counties for corporate purposes, and uniform in respect to persons and property within the jurisdiction of the body imposing the same, which is limited only by Section 6, fixing the purposes for which the tax may be levied.

2. COUNTIES—"MUNICIPAL GOVERNMENT" IN PROVISION AUTHORIZING SPCIAL LEGISLATION INCLUDES COUNTIES.—Within Const. Art. 7, § 11, empowering the General Assembly to make special provision for municipal government, the term "municipal government" embraces the governmental affairs of counties.

3. LICENSES—VEHICLE LICENSE TAX HELD NOT TO VIOLATE EQUALITY AND UNIFORMITY REQUIREMENTS.—Const. Art. 10, §§ 1, 4, requiring equality and uniformity in taxation, do not forbid the imposition of a license tax on all vehicles owned by residents of a designated county, the amount of which differs for different vehicles.

4. CONSTITUTIONAL LAW—STATUTE IMPOSING VEHICLE LICENSE TAX IN ONE COUNTY DOES NOT DENY DUE PROCESS OR EQUAL PROTECTION.—The imposition upon vehicles owned by residents of a designated county of a license tax for the purpose of constructing and maintaining roads does not deny due process of law or equal protection of the laws to the residents of that county, though vehicle owners of other counties who are not subject to a tax occasionally use the road, nor does the fact that a fine and imprisonment are imposed for violation of the tax law make it a denial of those rights.

Before WILSON, J., Clarendon, May, 1921. Affirmed.

J. W. Touchberry and R. T. Touchberry convicted of violation of Act to provide for registration of vehicles in Clarendon County, and appeal.

*Messrs. Tatum & Wood,* for appellants, cite: *Special legislation:* 99 S. C., 377; 85 S. C., 186; 59 S. C., 113; 61 S. C., 205; 60 S. C., 501. *Distinction between general and special laws:* 66 S. C., 219, 222.

*Messrs. F. A. McLeod, Solicitor,* and *W. C. Davis,* for respondent, cite. *Act:* 31 Stat., 922. *Constitutional:* 61 S. C., 205; 82 S. C., 356. *No special law shall be enacted where a general law can be made to apply:* 66 S. C., 357; 95 S. C., 104; 107 S. C., 230; 100 S. C., 478.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendants were convicted of violating the provisions of an Act entitled "An Act to provide for the registration of vehicles in Clarendon County, to fix a license therefor and to direct the disposition of fees therefrom," approved the 11th day of March, 1920 (Laws 1920, p. 922). The Act requires the registry of all vehicles owned by persons, firms or corporations in Clarendon County, provides that licenses and marker shall be issued to applicants for such registration, and imposes license fees for such vehicles as follows:

"Each one-horse buggy, road cart, wagon or oxcart, one dollar; two-horse and two-ox vehicles, two dollars; each log cart, three dollars; each automobile trailer, five dollars."

The Act further provides that "the funds arising from such license fees shall be used for the expense of building and repairing roads and bridges on the public roads of the County," and declares that any person operating a vehicle upon any road of the County without having obtained a license therefor, etc., shall be deemed guilty of a misdemeanor and shall be subject to fine or imprisonment.

The Magistrate sentenced the defendants to pay a fine of $5.00 or to imprisonment for two days in jail. The appeal is from the judgment of the Circuit Court, Hon. John S. Wilson, affirming the sentence of the Magistrate. A reversal is sought upon the ground that the Act (since repealed) under which defendants were tried and convicted was void, in that it was unconstitutional. Neither in the exceptions nor in the points and authorities submitted by appellants are the constitutional provisions invoked specifically referred to or definitely pointed out. Like the tent of the Eastern King, the exceptions were evidently designed to cover an indefinite expanse of territory. As we interpret the objections, thus broadly and loosely stated, their purport is to impeach the validity of the Act upon the grounds: (1) That the statute was special legislation in violation of subdivision 9, § 34, Art. 3, of the Constitution of 1895 (as printed in Code of 1912), providing that "in

all other cases, where a general law can be made applicable, no special law shall be enacted;" (2) that it was in contravention of the provisions of Sections 1, 4, Art. 10, of the State Constitution, requiring equality and uniformity in the imposition of taxes; and (3) that it entailed a deprivation of civil rights without due process of law, and defined the equal protection of the laws, in violation of Section 5, Art. 1, of the State Constitution.

The Act did not violate the constitutional inhibition against special or local legislation. The only object of the statute and its manifest intent was to raise revenue for road purposes in Clarendon County. It was clearly enacted in the exercise of the taxing power. By the express terms of Section 5 of Article 10 of the Constitution, it is provided that—

"The corporate authorities of counties, townships, school districts * * * may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

The only limitation upon this power is the provision of Section 6, Art. 10, that—

"The General Assembly shall not have power to authorize any county or township to levy a tax or issue bonds * * * except for educational purposes, to building and repair roads," etc.

If the license tax imposed by this Act was a valid tax, it follows that the General Assembly had as much right to impose and apply it to Clarendon County as it has to authorize the levy of a special or local property tax for road or other legitimate corporate purposes in Clarendon County. *Murph v. Landrum,* 76 S. C., 28, 29; 56 S. E., 850. As this Court there says:

"Each county in the State is a separate taxing district and has public and corporate purposes to be accomplished by means of taxation limited alone to citizens or property within its territory."

Obviously a law that is special in the sense that it imposes a lawful tax limited in application and incidence to persons or property within a certain county does not contravene the constitutional provisions of Section 34 of Article 3 of the Constitution, prohibiting the enactment of a special law where a general law can be made applicable. *State v. Brock,* 66 S. C., 362; 44 S. E., 931; *Verner v. Muller,* 89 S. C., 545; 72 S. E., 393.

2    That conclusion is supported by the additional consideration that Section 11, Art. 7, of the Constitution of 1895, expressly empowers the General Assembly to "make special provision for municipal government." The term "municipal government" as there used has been construed by this Court to refer to and embrace the governmental affairs of counties. *Grocery Co. v. Burnet,* 61 S. C., 213, 214; 39 S. E., 381; 58 L. R. A. 687; *Carroll v. York,* 109 S. C., 1; 95 S. E., 121. The amount of revenue required and the method of raising such revenue within legitimate constitutional and legislative bounds are matters peculiarly within the province of County government, for which the General Assembly may "make special provision."

3    2. The contention that the tax imposed by the Act was in violation of the equality and uniformity clauses of the Constitution is equally untenable. The validity of an Act of the General Assembly, imposing a vehicle license tax in the County of Richland, the provisions of which were not essentially different from those of the Act here involved, was very fully considered by this Court in the case of *Lillard v. Melton,* 103 S. C., 10; 87 S. E., 421. The Court there held (syllabus) :

"The constitutional provisions for equality and uniformity in taxation (Const. Art. 10, §§ 1, 5) do not forbid the imposition of a license tax on all resident owners of vehicles, using the highways, graduated and apportioned on the basis of a horse power, which has a direct and natural rela-

tion to the privilege granted, since the license tax relates to all persons in a class, and operates uniformly on all therein."

See *Hill v. Abbeville,* 59 S. C., 426; 38 S. E., 11; *Cowart v. City Council,* 67 S. C., 35; 45 S. E., 122; Cooley's Const. Lim., 712, 713.

3. The proposition that the effect of the Act was to deprive the defendants of "due process" and of the "equal protection of the laws" was not pressed in argument, but will be briefly noticed. In so far as this contention is directed to the suggestion of unjust discrimination in imposing upon the vehicles of residents of Clarendon County a license tax not imposed on those of other counties and States temporarily using the highways of the county, the question is conclusively resolved against appellants' position by the decision of this Court in *Lillard v. Melton, supra.* In so far as the contention involves a charge of unlawful discrimination, in that the Act imposes a criminal liability upon residents of Clarendon County which is not imposed upon the residents of other counties, it is also without merit. If the tax is otherwise valid, the provision for its enforcement by fine and imprisonment is entirely legitimate. Such, indeed, is the customary method of enforcing the payment of license taxes. 17 R. C. L., p. 558, § 71, and cases cited. See *City Council of Charleston v. Pepper,* 1 Rich., 364; *Charleston v. Oliver,* 16 S. C., 47. In the latter case this Court through Mr. Justice McIver, quotes with approval the following from Cooley on Taxation, page 414:

"A municipal corporation, empowered to grant licenses and to impose a fee therefor, may lawfully make the failure to take out a license and pay the fee subject the offender to the penalty of fine and imprisonment."

If the method of enforcement is legitimate the taxpayer has no more right to complain on that account than of the pecuniary burden imposed. It follows that the objection that the penal provision of the statute deprived the defend-

ant of the equal protection of the laws, in that the residents of other counties were not subjected to like penalties, is unsound.

The applicable test here is the equality of incidence of the tax "within the jurisdiction of the body imposing the same"; that is, in the case at bar, within the county empowered to impose the tax. Const. Art. 10, § 5; *Murph v. Landrum,* 76 S. C., 28, 29; 56 S. E., 850.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.