11410

ELLIOTT *ET AL.* v. HEYWARD *ET AL.*

(121 S. E., 257)

1. COUNTIES—CAN ISSUE BONDS UP TO EIGHT PER CENT OF PROPERTY'S
   ASSESSED VALUE.—Under Const. 1895, Art. 10, § 5, a county can issue
   and sell bonds up to eight per cent of the total assessed value of
   all the property in the county.

2. COUNTIES—BONDHOLDERS CANNOT BE REQUIRED TO RESORT TO SUB-
   DIVISION FOR PAYMENT.—The bonded indebtedness of a county is
   indivisible, and the bondholders cannot be required to resort to a
   subdivision of the whole for a payment of a proportionate share of
   the bonds.

Petition for an injunction in the original jurisdiction by T. K. Elliott and A. B. Catchcart against B. H. Heyward and others as Highway Commissioners for Fairfield County, *et al.* Petition refused.

The essential portion of the petition was as follows:

4. That under and by virtue of the terms of Section 1, of said Act the respondents are authorized to issue bonds of said County of Fairfield, to be known as permanent road bonds in the aggregate principal sum of five hundred thousand dollars of the denomination of one thousand dollars, each, the proceeds of the sale of which are to be used for the construction of permanent highways and bridges in said County.

5. That in pursuance of the provisions of said Act of the General Assembly the said Highway Commission of Fairfield County in the discharge of the duties imposed upon them by said Act are endeavoring to issue and sell the bonds authorized to be issued and sold thereunder; and have heretofore advertised for bids for the sale of said bonds, and they are endeavoring to issue and sell said bonds as the valid obligations of the said County of Fairfield.

6. That your petitioners are citizens and taxpayers of the said County of Fairfield, and are interested in the issue and sale of said bonds, and the proposed issue of $500,000, will be in excess of the constitutional limitation, in that the total assessed value of all property in Fairfield County is $7,407,260, and that the total assessed value of all property of School District No. 14 of Fairfield County is $2,311,533, which said school district is located in Fairfield County, and that the total bonded indebtedness of said school district is $100,000, and that the total assessed value of all property of the Town of Winnsboro, which is a part of said school district, is $696,192, and that the total bonded indebtedness of said Town of Winnsboro, other than $90,000 for electric lights, waterworks and sewerage, is $57,000, and while

there is no present bonded indebtedness of the County of Fairfield, it is apparent that if said bonds are sold and issued, and the Town of Winnsboro being chargeable with its proportionate share of said issue of $500,000, of the County's bonds, and said Town's proportionate share of said school district 14 bonds, of which it is a part, would be in violation of Article X, Sec. 5, of the State Constitution of 1895, wherein it is provided: "And no County, Township, municipal corporation or other political division of this State, shall hereafter be authorized to increase its bonded indebtedness if at the time of any proposed increase thereof the aggregate amount of its already existing bonded debt amounts to eight per centum of the value of all taxable property therein as valued for State taxation. And wherever there shall be several political divisions or municipal corporations covering or extending over the territory, or portions thereof, possessing a power to levy a tax or contract a debt, then each of such political divisions or municipal corporations shall so exercise its power to increase its debt under the foreging eight per cent. limitation, that the aggregate debt over and upon any territory of this State, shall never exceed fifteen per centum of the value of all taxable property in such territory as valued for taxation by the State."

The return of Highway Commissioners, omitting the formal portions, was:

The respondents admit that the total assessed value of all property in Fairfield County is $7,407,260, and that said County has no bonded indebtedness, and that the total bonded indebtedness of School District No. 14 of Fairfield County, of which the Town of Winnsboro is a part, is $100,000, and that the total assessed value of all the property of the Town of Winnsboro is $696,192, and that the total bonded indebtedness of said Town of Winnsboro, other than $90,000 for electric lights, waterworks and sewerage, is $57,000; but these respondents deny that said issue of

$500,000 bonds of Fairfield County would be in violation of Art. X, Section 5, of the State Constitution, 1895, as alleged in Paragraph 6 of the petition, and deny that any portion of the bonded indebtedness of School District No. 14 should be chargeable as a part of the bonded indebtedness of the Town of Winnsboro in ascertaining whether said issue is in excess of the limitation imposed in said Section 5, of Article X, of the Constitution, or that any portion of the bonded indebtedness of Fairfield County should be chargeable against the Town of Winnsboro.

*Mr. Horace Traylor,* for petitioners, cite: *Proposed issue violates Art.* 10, *Sec.* 5, *Constitution* 1895: 48 S. C., 395; 85 S. C., 156.

*Mr. W. D. Douglas* for respondent.

February 2, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is in the original jurisdiction, and is a petition for injunction, on a rule issued by the Chief Justice.

The facts are undisputed. The sole question is whether the proposed issue of bonds by Fairfield County violates Article 10, Section 5, of the Constitution of 1895. We are of the opinion that it does not. It was never contemplated, and is not a fair construction of this section to say, that a county cannot issue and sell bonds up to 8 per cent. of the total assessed value of all the property in the county.

The county is a unit, and is entitled to go to the limit of 8 per cent. in issuing and selling bonds. The bonded indebtedness of a county is indivisible. It is upon the entire county, and in the hands of the holders of the bonds the payment is enforceable against the entire county, as a whole and as a unit, and the bondholders cannot be required to resort to a subdivision of the whole for a payment of a proportionate share of the bonds.

31—S. C. R., 127.

The petition is refused.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.