## 11571

### BANKS v. SCHOOL DISTRICT NO. 18, GREENWOOD COUNTY *ET AL.*

#### (123 S. E., 834)

SCHOOLS AND SCHOOL DISTRICTS—DISTRICT CAN ISSUE BONDS UP TO 8 PER CENT. OF PROPERTY'S ASSESSED VALUE, IRRESPECTIVE OF DEBTS OF OTHER POLITICAL SUBDIVISIONS.—Under Const., Art. 10, § 5, a school district can issue bonds up to 8 per cent. of the total assessed value of all the property in the district, and it is immaterial that, if territory within district is chargeable with proportionate part of County's bonded indebtedness, proportionate part of towns' bonded indebtedness, and proportionate part of township's bonded indebtedness, territory which is embraced within the town will be bonded for more than 15 per cent. of assessed value of property and that portion of territory of township which is situated in school district will be bonded for more than 15 per cent. of assessed value of property situated therein.

Before FEATHERSTONE, J., Greenwood, July, 1923. Affirmed.

Action by G. Allen Banks against School District No. 18, Greenwood County, and H. L. Watson *et al.,* as Trustees of said District. From an order sustaining demurrer to the complaint, plaintiff appeals.

The circuit decree follows:

This is an action by the plaintiff, who is an elector, freeholder, and taxpayer of School District No. 18 on the equity side of the Court to enjoin and restrain School District No. 18 from issuing and selling bonds to the amount of $225,000 for the purpose of erecting, equipping, furnishing, and improving school buildings within the school district.

The matter comes before me on a demurrer to the complaint on the several grounds set forth in the notice of demurrer. It appears from the allegations of the complaint that a petition was filed with the Board of Trustees in the form required by law and signed by the required number of electors, freeholders, and taxpayers asking that the Board of Trustees order an election to be held upon the question of issuing bonds. An election was ordered to be held, and at the said election the bond issue was authorized by a large majority of the votes cast at the election.

It appears that the assessed value of all property within the County of Greenwood is the sum of $9,897,240, and that the County of Greenwood has a bonded indebtedness of $695,000, which amounts to 7 5/10 per cent. of the assessed value of all property within the County of Greenwood.

It also appears that the assessed value of all property within School District No. 18 is $4,653,093, and that bonded indebtedness of the school district is $86,000, and with the proposed issue of bonds will be $311,000, which is 6 6/10 per cent. of the assessed value of all property within School District No. 18.

It appears that the assessed value of all property within the Town of Greenwood is the sum of $2,406,040, and the bonded indebtedness of the Town of Greenwood is $390,-000, exclusive of bonds issued for waterworks and electric lights, and inclusive of such bonds is $430,000, and the bonded indebtedness upon the territory situate within the Town of Greenwood and issued by the Town of Greenwood is 12 5/10 per cent. of the assessed value of all property therein, exclusive of bonds for waterworks and electric lights, and the Town of Greenwood is situate within School District No. 18.

It also appears that a small portion of the Township of Ninety Six is within the limits of School District No. 18, but does not overlap that portion of the territory of the school district within the limits of the Town of Greenwood, and the assessed value of all property situate within the Township of Ninety Six is the sum of $683,212, and the bonded indebtedness of the Township of Ninety Six is the sum of $38,000, and the territory situate within the Township of Ninety Six is now bonded for 5 6/10 per cent. of the assessed value of all property situate therein for bonds issued by the Township of Ninety Six.

It is, therefore, apparent from the allegations of the complaint, which are admitted by the answer and are admitted also by the demurrer that the school district will be bonded by this issue of bonds up to 6 6/10 per cent. of the assessed value of all property therein, and, if the territory within School District No. 18 is chargeable with a proportionate part of the County's bonded indebtedness and also a proportionate part of the Town's bonded indebtedness and a proportionate part of the Township of Ninety Six's bonded indebtedness, then that territory which is embraced within the Town of Greenwood will be bonded for more than 15 per cent. of the assessed value of the property situate therein, and that portion of the territory of the Township of Ninety Six which is situate in School District No. 18 will be bonded

for more than 15 per cent of the assessed value of the property situate therein.

The question, therefore, involved in this case is the proper construction of Article 10, § 5, of the Constitution.

In the case of *Todd v. Laurens*, 48 S. C., 395; 26 S. E., 682, this section of the Constitution first came under consideration, and Mr. Justice Pope, who wrote the opinion in that case, held that the 15 per cent. limitation applied to all of the units named in this section, and he laid down a general formula for the application of the constitutional limitation charging the smaller units with their respective proportionate parts of the bonded indebtedness of the larger units.

In that particular case the City of Laurens was undertaking to issue bonds and the territory within the city was charged with its proportionate part of the bonded indebtedness of the County and also its proportionate part of the bonded indebtedness of the school district which overlapped the territory within the Town of Laurens. Mr. Chief Justice McIver concurred only in the result, and expressly reserved his opinion as to whether any portion of the bonded debt of the County could be properly charged against the territory lying in the city so as to effect the city's rights to issue bonds up to the 8 per cent. limitation. Mr. Chief Justice Gary and Mr. Justice Jones also concurred in the result only, expressing no opinion, unless it be inferred that they concurred in the opinion of Mr. Chief Justice McIver. The construction which Mr. Chief Justice Pope placed upon this section of the Constitution was not necessary to the decision of that case, since, under the facts of the case, the city was entitled to issue bonds irrespective of this particular construction.

The exact question was presented to the Court in the case of *Elliott v. Heyward*, 121 S. E., 257, where the County of Fairfield was undertaking to issue bonds. It was there sought to charge the territory within the Town of Winnsboro with the town's bonds, its proportionate part of the

bonds of the school district, which overlapped the town, and its proportionate part of the proposed County issue, thus fixing the bonded indebtedness over that particular territory situate within the Town of Winnsboro in excess of 15 per cent. of the assessed value of all property therein. The Supreme Court, however, said of that construction: "It was never contemplated, and it is not a fair construction of this section to say, that a County cannot issue and sell bonds up to 8 per cent of the total assessed value of all the property in the County. The County is a unit and is entitled to go to the limit of 8 per cent. in issuing and selling bonds."

The section of the Constitution under construction provides: "The bonded debt of any County, township, school district, municipal corporation or political division or subdivision of this State shall not exceed eight per centum of the assessed value of all the taxable property therein."

This limitation is applied to all of the units named, specifying them as "County", "township", "school district," "municipal corporation," "political division or subdivision." Then follows the 15 per cent. limitation which provides: "And wherever there shall be several political divisions or municipal corporations covering or extending over the territory, or portions thereof, possessing a power to levy a tax or contract a debt, then each of such political divisions or municipal corporations shall so exercise its power to increase its debt under the foregoing eight per cent. limitation that the aggregate debt over and upon any territory of this State shall never exceed fifteen per centum of the value of all taxable property in such territory as valued for taxation by the State."

Evidently if the 15 per cent. limitation cannot properly be applied to a County it would not be applicable to a school district, for a County, township, and school district are allowed under the Constitution, exactly the same power to issue and sell bonds.

Therefore, under the facts of this case and the construction placed upon this section of the Constitution in the case of *Elliott v. Heyward,* the school district may issue bonds which is the subject of this action.

It is, therefore, ordered that the demurrer be, and the same hereby is, sustained and the complaint be, and the same hereby is, dismissed.

*Mr. R. F. Davis,* for appellant: *Rule in 121 S. E., 257, should not apply to school district.*

*Messrs. Grier, Park & McDonald* for respondent.

June 9, 1924.

The opinion of the Court was delivered by Mr. JUSTICE FRASER.

The decree of Judge Featherstone, appealed from, sufficiently covers the case, and is affirmed for the reasons stated by him. The case of *Elliott v. Heyward,* 121 S. E., 257, cited therein, settles this case.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.