### 11697

### BAGNALL v. CLARENDON & ORANGEBURG BRIDGE DIST. et al.

(126 S. E., 644)

1. BRIDGES—STATUTE PROVIDING FOR PAYMENT BY EACH OF TWO COUNTIES OF ONE-HALF OF BRIDGE BONDS HELD NOT VIOLATIVE OF CONSTITUTIONAL PROVISION REQUIRING UNIFORMITY IN TAXATION.—Act March 24, 1924 (Laws 1924, p. 1593), creating bridge district for construction of bridge between two counties, and providing for payment by each of such counties, of one-half of bond issue, and in Section 7, for levy and collection of a tax in each county "in the same manner that State and county taxes shall be levied and collected," *held* not violative of constitutional provision requiring uniformity in taxation; tax being uniform in each county.

2. COUNTIES—COUNTY'S BOND ISSUE FOR BRIDGE PURPOSES NOT VOID BECAUSE OF BONDED INDEBTEDNESS OF SCHOOL DISTRICT.—Bond issue authorized by Act March 24, 1924 (Laws 1924, p. 1593), for construction of bridge between two counties, *held* not void merely because school district in each county had incurred a bonded indebtedness and proposed issue would increase indebtedness of such districts to extent forbidden by Constitution.

Original proceedings for injunction by J. Scott Bagnall against the Clarendon and Orangeburg Bridge District and others. Petition dismissed.

*Mr. Jos. A. Smith,* for petitioner, cites: *Act No.* 876, *Laws of* 1924, *is in conflict with Article* 10, *Sec.* 1, *Constitution of* 1895, *providing for a uniform assessment of taxes.*

*Messrs. Dinkins & Stukes,* for respondent, cite: *Act No. 876, Laws of 1924, not unconstitutional:* Vol. 1, Cooley on Taxation (4th Ed.), 307; 76 S. C., 21; 112 S. C., 24; 186 Pac. 989; 163 Pac. 721; 107 Pac. 835; 121 N. E., 433; 138 N. E., 196; 75 So., 47. *Act not unconstitutional in regard to increasing bonded indebtedness of respective counties:* 121 S. C., 257. *The fact that the full faith and credit of the two counties is pledged, does not make the tax levied a Bridge District Tax:* 119 S. E., 264; 18 S. E., 28.

February 26, 1925.

The opinion of the Court was delivered by ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

This proceeding for injunction was brought in the original jurisdiction of this Court and seeks to enjoin the Clarendon and Orangeburg bridge district and its board of commissioners from issuing bonds in the sum of $180,000 for the purpose of building a connecting bridge between the two counties over the Santee River. A rule to show cause was issued by Associate Justice Marion and return to the rule was duly made by the respondents on February 14, 1925. The petition alleges that the issue of bonds is unconstitutional for two reasons: First, that the taxable property in Orangeburg is about three times as great as that in Clarendon, and that the rate of taxation will consequently fail to be uniform; second, that school district No. 9, in Clarendon County, and school district No. 34, in Orangeburg County, have each incurred a bonded indebtedness, and that the proposed issue will increase the bonded indebtedness of these districts to an extent forbidden by the Constitution of the State.

On March 24, 1924 (Laws 1924, p. 1593), there was approved an Act of the Legislature creating the Clarendon and Orangeburg bridge district, defining its powers and duties and providing for the issuance of bonds, etc. This Act provided for $180,000 of bonds and that $90,000 of

said amount should be borne by each county together with one-half of the interest due upon same. Section 7 of the Act provides for the levying of the necessary taxes for this purpose, in that the same shall be levied and collected "in the same manner that state and county taxes shall be levied and collected." The Comptroller General is given power and authority relative to taxes due by the bridge district of similar nature to his other duties as to State and county taxes. It will thus be noticed that the bridge commissioners have no duties to perform relative to the levy and collection of the necessary taxes to take care of the bond issue. These duties are given solely to the Comptroller General and the county officers.

Under these conditions, there is no difference between the levy and collection of the bridge district tax and the ordinary State and county tax levied and collected each year by the State and county authorities. In *Murph v. Landrum*, 76 S. C., 21; 56 S. E., 850, the Court says:

"The principal of uniformity and equality is subserved when all persons and property in like condition within the particular taxing district assenting to the tax is subject to the tax.  *  *  *  It is a county tax for county purposes.  *  *  *  A County tax is equal and uniform when applied alike to all persons or property within the county."

In the case of *Nettles v. Cantwell*, 112 S. C., 24; 99 S. E., 765, the Court says:

"There is a compliance with the requirements of the Constitution  *  *  *  whenever the tax is uniform in the particular subdivision of the State upon which it is imposed."

A different view might be obtained if the levy and collection of the tax had been lodged in the bridge district commission with power over the two counties composing the bridge district, but such is not the case. It is purely a county affair, and the tax machinery of each county acts separately. The tax is uniform in

Clarendon County and is likewise uniform in Orangeburg County. Consequently the provision of the Constitution requiring uniformity in taxation has not been violated.

The second objection to this issue of bonds is wholly untenable. It was never contemplated that a school district by issuing bonds up to the limit prescribed by the Constitution could thereby prevent the county from issuing bonds because the property of the district would then be subjected to a rate of taxation forbidden by the Constitution. The lesser cannot control the greater to this extent. See the case of *Elliott v. Heyward*, 127 S. C., 468; 121 S. E., 257, where the precise point is decided.

The petition for injunction is dismissed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.