### 11774

### WINSTEAD v. WILLIAMS, MAYOR *ET AL.*

#### (128 S. E., 46)

Municipal Corporations—City or Town May Issue Bonds to Full Extent of Limitation, Regardless of Bonded Debt of Other Political Subdivisions.—City or town can issue bonds, exclusive of water, sewer, and light bonds, to full amount of eight per cent of assessed value of property therein, regardless of bonded debt of other political subdivisions, covering in whole or in part city or town.

Suit in the original jurisdiction by R. Winstead against R. I. Williams, Mayor, and others, to enjoin the Town of Mullins from issuance of bonds voted. Petition dismissed, and injunction refused.

*Mr. C. S. Monteith,* for petitioner, cites: *Bonded indebtedness limited:* Const. of 1895, Art. VII, Sec. 7; Const. of 1895, Art. X, Sec. 5. *Case governed by:* 48 S. C., 395. *Cases distinguished:* 122 S. E., 257; 123 S. E., 184; 126 S. E., 544.

*Messrs. R. B. Harrelson* and *Lide & McCandlish,* for respondents, cite: *Bonded indebtedness limited:* Const. of

1895, Art. X, Sec. 5.   *Fifteen per cent limitation construed:*
121 S. E., 257; 123 S. E., 834; 126 S. E., 544.

May 26, 1925.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is a petition for injunction to prohibit the Town of
Mullins from the issuance of bonds voted.   The case in-
volves but a single issue:

"Can a city or town issue bonds, exclusive of water,
sewer, and light bonds, to the full amount of 8 per centum
of the assessed value of property therein, regardless of the
bonded debt of other political subdivisions covering in whole
or in part the said city or town?"

This Court has laid down the following principle in
*Elliott et al. v. Heyward et al.,* 121 S. E., 257:

"The county is a unit, and is entitled to go to the limit
of 8 per cent. in issuing and selling bonds.   The bonded in-
debtedness of a county is indivisible.   It is upon the entire
county, and in the hands of the holders of the bonds the
payment is enforceable against the entire county, as a whole
and as a unit, and the bondholders cannot be required to
resort to a subdivision of the whole for a payment of a
proportionate share of the bonds."

That principle is reaffirmed in *Banks v. School District,
etc.,* 129 S. C., 218; 123 S. E., 834, and in *Bagnall v. Claren-
don & Orangeburg Bridge District, etc.,* 131 S. C., 109;
126 S. E., 644.

The petition is dismissed, and injunction refused.   The
Town of Mullins has authority to issue the bonds in ques-
tion.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN
concur.

MR. JUSTICE MARION concurs in result.