WRAGGE v. SO. CA. & GA. R. R. CO.

1. NEGLIGENCE—RAILROAD—REV. STAT., 1692—DAMAGES.—In an action under sec. 1692 of Rev. Stat. against a railroad for damages resulting from its negligence to blow the whistle and ring the bell, it is not necessary to show that such negligence was the *proximate* cause of the injury.

2. ERROR—CIRCUIT JUDGE—REQUEST.—Error cannot be imputed to a Circuit Judge for failure to define a term in a statute, when no request to that effect has been made.

3. NEGLIGENCE—DAMAGES—RAILROAD—REV. STAT., 1692.—In an action against a railroad company, under Rev. Stat., 1692, for damages for failure to ring the bell and blow the whistle, it is not necessary for the plaintiff to show that the failure to give the statutory signals was the *efficient* cause of the injury.

4. QUERY—REQUEST.—Can a request to charge be disregarded, because the authorities relied on to support it are not noted on the margin?

Before ALDRICH, J., Charleston, November, 1895. Affirmed.

Action by Caroline A. Wragge, as administratrix of the estate of Henry H. Wragge, against the South Carolina and Georgia Railroad Company, for running its engines and cars over the deceased, at a public crossing, and killing him, without giving the statutory signals.

The following are the requests to charge, and the remarks of the Judge thereon, so far as the same relates to the questions involved:

The third request of the defendant is as follows: "That section 1692 makes any railroad company neglecting to give the signals required by the statute liable in damages for any injury to any person at the crossing of a public road, provided that failure to give such signals was a proximate cause of the injury." That request I shall have to modify by changing the word "proximate," so as to make it read, that such failure to ring a bell, etc., contributed to the injury. * * *

Now, the sixth request of the plaintiff is as follows: "By the term, 'traveled place,' as used in the statute, is meant a place across which the public not only have been accustomed to travel, but where they have a right to travel; and if the jury find that the deceased was crossing at such a place, then he was entitled to the statutory signals." That is correct; and, in connection with that, I will take up the defendant's fifth request:

"That in order to justify the jury in finding a verdict against the defendant, the plaintiff, the administrator, must prove by the preponderance of the evidence that the deceased was killed through collision with the defendant's locomotive; also, that the road over which deceased was crossing the track of the defendant was a public road, and that deceased was killed in crossing it. And furthur, that

the statutory signals were not given; and further still, that the failure to give these signals caused the death of the deceased, that is to say: that if, under the circumstances proved in this case, the statutory signals had been given, the deceased would not have come to his death." I cannot go as far as that request goes. The statute says: "If the neglect to give such signals contributed to the injury;" and I have to modify that request in accordance with the statute; if the failure to give these signals contributed to death of the deceased, it might be sufficient. So modified, I charge you that request. * * *

The tenth request of the defendant is as follows: "That even if the jury find that the road referred to in the testimony was a public road, the mere fact that the bell was not rung or the whistle blown for at least 500 yards from the crossing, and kept ringing or blowing until the locomotive passed the crossing, would not be sufficient proof of negligence, but that the plaintiff must prove, in addition to the failure to give these signals, that but for such failure the injury would not have occurred." I cannot charge you that request, and I refuse it.

The jury found for the plaintiff $12,500.

Thereafter, at same term, a motion for a new trial was made by defendant on the Judge's minutes, when his Honor ordered that a new trial be granted, unless the plaintiff remit all over $6,020.50. The plaintiff did remit the said excess accordingly, and on January 2, 1896, entered up judgment against the defendant for the said sum, and $19.35 costs and disbursements, making in all the sum of $6,039.35.

From this judgment the defendant appeals on the following exceptions:

I. That his Honor, the presiding Judge, erred in refusing to charge the jury, as requested by defendant, "that section 1692 makes any railroad company neglecting to give the signals required by the statute liable in damages for any injury to any person at the crossing of a public road, pro-

vided that failure to give such signals was a proximate cause of the injury."

II. That his Honor, the presiding Judge, erred in modifying the said request to charge, by changing the word "proximate," so as to make it read, "that such failure to ring a bell, etc., contributed to the injury," without explaining to the jury the meaning of the word "contributed."

III. That his Honor, the presiding Judge, erred in refusing to charge, as requested by defendant, "that plaintiff must prove, by the preponderance of the evidence," that the statutory signals were not given, and, further, that the failure to give these signals caused the death of the deceased—that is to say, that if, under the circumstances proved in this case, the statutory signals had been given, the deceased would not have come to his death.

IV. That his Honor, the presiding Judge, erred in modifying the said foregoing request, by changing the expression, "that if, under the circumstances proved in this case, the statutory signals had been given, the deceased would not have come to his death," into these words: "If the neglect to give such signals contributed to the injury," without explaining to the jury the meaning of the word "contributed."

V. That his Honor, the presiding Judge, erred in refusing to charge, as requested by defendant, "that even if the jury find that the road referred to in the testimony was a public road, the mere fact that the bell was not rung, or the whistle blown, for at least 500 yards from the crossing, and kept ringing or blowing until the locomotive passed the crossing, would not be sufficient proof of negligence, but that the plaintiff must prove, in addition to the failure to give these signals, that but for such failure the injury would not have occurred."

*Messrs. Jos. W. Barnwell* and *Lord & Burke*, for appellants, cite: *Contributed:* Rev. Stat., 1692; 29 S. C., 303; 21 S. C., 466; 2 McM., 403; Beach on Con. Neg., 36; Thomp-

son on Neg., 1153; Sherman & Redfield on Neg. (1869), 24; *Proximate:* Rev. Stat., 1692; Sherman & Redfield Neg., 26; 4 A. & E. Ency., 921; 80 N. C., 221; 13 A. & E. R. R. Cases, 499; 33 S. C., 136.

*Messrs. Murphy, Farrow & Legare,* contra, furnished Reporter no argument.

July 14, 1896. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiff, as administratrix of the personal estate of her deceased husband, brings this action to recover damages for the killing of her said husband by the defendant company's negligence. The allegation is, that the deceased was killed by a collision with the engine of said company, while attempting to cross the railroad track at a point where it was intersected by a public road along which the deceased was traveling; and that such collision was caused by the failure of the defendant company to give the signals required by section 1685 of the Rev. Stat. of 1893, when approaching such a crossing. At the outset of the case, the Circuit Judge ruled (to which ruling there was no exception) that the only cause of action set out in the complaint was the failure on the part of the defendant to give the signals required by the statute when approaching such a crossing, and the trial proceeded under that ruling. At the close of the testimony, his Honor, Judge Aldrich, before whom the case was tried, charged the jury as is fully set out in the "Case." The jury having rendered a verdict in favor of the plaintiff for the sum of $12,500, a motion for a new trial on the minutes was made, and the Circuit Judge ordered a new trial, unless the plaintiff would remit all over the sum of $6,020.50. The plaintiff entered a remittitur for such excess, and judgment having been entered for the balance after deducting the amount remitted, the defendant appealed, and served the exceptions set out in the record.

For a full understanding of the case it will be necessary to set out in the report of the case a copy of the Judge's charge,

in which he considers in detail the requests to charge, as well as the exceptions taken for the purpose of this appeal.

It seems to us that these exceptions present but two general questions: 1st. Whether there was any error in refusing to charge as requested, that in order to render the defendant liable, the jury must conclude that the failure to give the required statutory signals was the "proximate" cause of the injury sustained. 2d. Whether there was any error in omitting to explain to the jury the meaning of the term "contributed," as used in the statute, and in refusing to adopt the interpretation of that term, as suggested in the defendant's request to charge, because it went too far.

This being an action under section 1692 of the Revised Statutes 1893, it is proper to set out here the precise terms of the statute, which reads as follows: "If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this article, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by indictment, unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or willful negligence, or was acting in violation of law, and that such gross or willful negligence or unlawful act contributed to the injury." Now it will be observed that there is nothing in the language found in this section calculated to convey the idea that the legislature intended to make the liability of the railroad company dependent upon the fact that the neglect to give the statutory signals was the *proximate cause* of the injury complained of, and, on the contrary, the language used implies no such intention. All that the statute requires is that the neglect to give the prescribed signals shall *contribute* to the injury; which, in our judgment, is a very different thing from saying that such neglect must be the *proximate*

*cause* of the injury. In the case of *Thompson* v. *Railroad Company*, 24 S. C., 366, the action was to recover damages for the destruction, by fire, of certain property, under the allegaton that such fire was communicated by sparks from the locomotive of the defendant company, and the action was based upon the provisions of sec. 1511 of the Gen. Stat. 1882, and it was held that, under the provisiorls of that section, the question as to proximate or remote cause was eliminated, and the only inquiry was whether the case fell within the terms of that section. As we said in that case: "Under the terms of the act, there can be no necessity for an inquiry as to whether the fire, caused by the act of the company or its agents, was the proximate or remote cause of the destruction of the property in question, as would have been the case under the old law; for it declares in absolute terms, without any qualifications, that the company shall be liable for the destruction of property by fire, which originated within the limits of the right of way from some act of the company, or its agents or employees; and this precludes any inquiry as to whether the fire so originating was the proximate or remote cause of the damage complained of." While it is true that the case just quoted from arose under a different section from that upon which the present action is based, yet, as it seems to us, the principle upon which that decision rests is applicable here. That principle is, that where a statute imposes a liability under certain conditions therein prescribed, the only question is whether such conditions are found to exist in a given case, and not whether, under the general law, apart from the provisions of the statute, liability would accrue. Now, in the case under consideration, the question is whether the conditions prescribed in sec. 1692 of the Rev. Stat., upon which this action is based, are found to exist. So that the first inquiry is, what are those conditions, and this is answered by the express terms of the statute, which declares that when a person is injured by collision with an engine of a railroad company at a crossing, and it appears that such company

neglected to give the prescribed statutory signals, "and that such neglect contributed to the injury," the company shall be liable, except in certain cases which need not be specified here, as there is no pretense that such exceptions are applicable here. Now, under the express terms of this statute, the only inquiry, so far as the point we are now considering is concerned, is *not* whether the neglect to give such signals was the *proximate* cause of the injury, as might have been the case, apart from the provisions of this statute, but the inquiry is, in the language of the statute, whether "such neglect contributed to the injury."

The cases of *Glenn* v. *Railroad Company*, 21 S. C., 466; *Petrie* v. *Railroad Co.*, 29 S. C., 303, and *Brown* v. *Laurens County*, 38 S. C., 282, cited by counsel for appellant, are not, in our judgment, in point. In Glenn's case, the negligence complained of was the failure to supply the engine with a headlight; and as it conclusively appeared, from the plaintiff's own testimony, that the absence of the headlight "had nothing to do with causing the injury," as stated in one part of the opinion, and in another place, "that the absence of the headlight in no way contributed towards causing the injury complained of," it was very clear that the plaintiff could not recover; for while there was evidence of negligence on the part of the railroad company, in failing to provide a headlight, there was no evidence tending to show that such negligence had anything whatever to do with causing the injury, and in no way contributed to such injury; for, as was pointedly said by that great jurist, Gibson, C. J., in *Hart* v. *Allen*, 2 Watts (Pa.), 116, "the defendant is answerable for the consequences of negligence, and not for its abstract existence;" and hence such negligence must, in some way, be connected with the injury complained of. In that case, certainly, there is nothing to indicate that the Court held that the negligence alleged must be the *proximate* cause of the injury complained of. So, too, in Petrie's case, the Court, in passing upon the question whether the motion for nonsuit was

properly refused, after affirming the rule as laid down in Glenn's case, proceeds "to inquire whether there was any evidence tending to show that the failure on the part of the defendant to give the signals required by statute in any way contributed to the injury complained of;" and not a word was said indicating that it was necessary to show that such failure was the *proximate* cause of the injury complained of. As to the case of *Brown* v. *Laurens County*, it will be sufficient to say, that the action there was not based upon any such statute as that upon which the present action is based, and hence what was said as to proximate cause does not apply here. We are of the opinion, therefore, that so much of the exceptions as impute error to the Circuit Judge in refusing to instruct the jury that to entitle the plaintiff to recover in this case they must be satisfied that the negligence imputed to the defendant was the *proximate* cause of the injury complained of, must be overruled.

This brings us to the consideration of the second general question above stated. This question may be divided into two branches: *First.* Whether the Circuit Judge erred in omitting to explain to the jury the meaning of the term "contributed," as used in the statute. *Second.* Whether the interpretation put upon that word in defendant's requests to charge, was the correct interpretation. As to the first branch of this inquiry, it is sufficient to say that there was no request that the Circuit Judge should define or explain the meaning of the term "contributed," in his charge. So that the only real inquiry is, whether the Circuit Judge erred in refusing the request of defendant to charge the jury, as asked in one of the requests, that the plaintiff must not only prove that defendant failed to give the statutory signals, but must also show "that the failure to give these signals caused the death of the deceeased; that is to say: that if, under the circumstances proved in this case, the statutory signals had been given, the deceased would not have come to his death," or,

8—47

as was asked in another request, that the jury should be instructed, that to enable the plaintiff to recover, she must prove, "in addition to the failure to give these signals, that but for such failure the injury would not have occurred." These two requests, though expressed in different phraseology, practically amount to the same thing, to wit: that the plaintiff could not recover unless the jury should conclude from the evidence, not only that defendant neglected to give the required statutory signals, but also, that such neglect was the efficient cause of the injury complained of. Now, it is quite certain that the statute does not contain any such language as that used in either request, but only requires that, as a condition precedent to defendant's liability, it shall be made to appear that the neglect to give the signals *"contributed"* to the injury complained of. So that the practicable inquiry is, whether this word, by which the legislature saw fit to express its intention, should properly be interpreted to mean the same thing as that expressed by the words used in the request to charge. The well settled rule is, that words used in a statute must be given their ordinary and popular signification, unless there is something in the statute requiring a different interpretation. As was held by this Court, in *Akers* v. *Rowan*, 33 S. C., at page 470: "One of the primary rules in the construction of a statute is, that the words used therein should be taken in their ordinary and popular signification, unless there is something in the statute requiring a different interpretation. Cooley Con. Lim., 58, 59; Pott. Dwar. Stat., 127, 622. This is really nothing more than a rule of common sense; for it must be supposed that the legislature, in enacting a statute, intended that the words used therein should be understood in the sense in which they are ordinarily and popularly understood by the people for whose guidance and government the law was enacted, unless there is something in the statute showing that the words in question were used in some other sense." Now, as it is apparent that there is nothing

in the statute here under consideration to indicate that the word "contributed" was used in any other than its ordinary and popular signification, the only inquiry is, what is such signification? This word is of frequent occurrence in the text books and in the decided cases, where it most frequently appears in questions of contributory negligence. The foundation upon which the doctrine, that contributory negligence on the part of the plaintiff will constitute a defense to an action to recover damages for an injury caused by the negligence of another, rests, is, that when such injury may be partly the result of the defendant's negligence and partly the result of the plaintiff's own negligence, the Court will not undertake to graduate or apportion the damages according to the contribution of either side, and will leave the parties as they found them, repels the idea that the word "contributed," or "contributory," ever has been understood to bear such an interpretation as that claimed for it by appellant. On the contrary, it seems to us that in the ordinary and popular signification of the term, one thing is understood to contribute to a given result, when such thing has some share or agency in producing such result, and is not understood to convey the idea that such thing was the efficient cause of such result, in the sense that, without it, such result would not have occurred; for it is possible such result may have occurred even in the absence of the thing which is supposed to have had some share or agency in producing such result. To apply this to the case in hand: it may have been possible that the disaster would have occurred even if there had been no neglect on the part of the defendant to give the signals, and yet if there was such neglect on the part of the defendant company, and such neglect contributed in any way to the disaster, in the sense that it had any share or agency in bringing about the disaster, the defendant, under the express terms of the statute, would still have been liable. It seems to us, therefore, that there was no error on the part of the Circuit Judge in instructing the jury in the express terms of

the statute, and no error in refusing to instruct the jury as requested by the defendant.

Having reached this conclusion, the position taken by the counsel for respondent, that none of the requests to charge could properly be considered, because not presented to the Circuit Judge in the form prescribed by the rules of court, becomes immaterial in the case, and, therefore, ordinarily, would not be considered. But as that position involves a question of practice, which it is important for the interests of the bar to settle, we will not decline to consider it now. This position is based upon the rule of the Circuit Court, which, amongst other things, requires counsel to note, on the margin opposite each request to charge, the authorities relied on to support the position of the law contained therein, and produce the same when required by the Court. This position is conclusively disposed of by the fact that it nowhere appears that any such position was taken before the Circuit Judge, or that he was requested to make, or did make, any ruling upon the subject; and hence, under the well-settled rule, there is nothing before this Court to review. Besides, it appears that the Circuit Judge, without objection either from counsel or from the Court itself, so far as the "Case" shows, did consider and dispose of each request; and, in the absence of any evidence to the contrary, we must assume that the requests were submitted in proper form. The point of the objection seems to be, that counsel for appellant failed to note, in the margin of his requests, the authorities upon which he relied; but, for all that appears in the "Case," no authorities were relied upon, and, if so, of course, none could be noted. At all events, it seems to us that this Court would be going very far, much further than we are disposed to go, to refuse to consider whether a Circuit Judge has erred in refusing to charge a proposition of law, simply because it was presented in a request alleged to have been framed in disregard of a technical requirement of a rule of the *Circuit Court;* especially when such refusal was not

based upon a failure to comply with such technical require-
ment.

The judgment of this Court is, that the judgment of the
Circuit Court be affirmed.