### 8213

### BETHEA v. TOWN OF DILLON.

1. MUNICIPAL REGISTRATION.—Opening books of registration for a town twenty-five days before a municipal election instead of twenty days before, as provided by section 195 of Code of 1902, as amended by 26 Stats., 1026, does not invalidate the election in absence of evidence that thereby a number of electors sufficient to change the result was deprived of the right to vote.

2. CONSTITUTIONAL LAW—MUNICIPAL BONDS—SEWERAGE—WATERWORKS—LIGHTS.—The amendment to the Constitution in 1910, enacted 27 Stats., 13, to the effect that the eight per cent. limitation of municipal bonded indebtedness incurred for sewerage, waterworks, etc., provided in section 7 of article VIII of the Constitution, should be repealed, necessarily amends section 5 of article X, and the proviso thereto relating to the limitation of the bonded indebtedness of several political divisions, and the amendment as submitted is not violative of section 2 of article XVI, providing that each proposed amendment should be submitted separately, as the amendment embraced only one subject and includes both provisions.

Petition in the original jurisdiction of this Court by W. T. Bethea against the Town of Dillon.

*Mr. W. H. Muller,* for petitioner.

*Mr. J. B. Gibson,* contra.

May 23, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The petitioner, who is a resident taxpayer of the town of Dillon, seeks to enjoin the

town council and the commissioners of public works·from issuing the negotiable coupon bonds of said town to the amount of $77,000, which he alleges they are about to do. Of the amount which the respondents propose to issue, it appears that $39,000 are to be used in the establishing of a system of waterworks, and the balance, $38,000, in the building of a system of sewerage' for the town.

The present value of all the property in the town as assessed for taxation by the State, is $550,000. The existing bonded indebtedness of the town is $26,000, and that of School District No. 8, which embraces the same territory, in whole or in part, is $35,000.

The first ground upon which it is contended that the bonds cannot be legally issued is that the election which was held upon the question of issuing them was illegal, because the books of registration were not opened twenty days before the election, and kept open for ten days for the purpose of registering the qualified electors of the town, as required by statute. Section 195 of volume I of the Code of 1902, as amended by the act of 1908 (25 Stat. 1026), provides that twenty days prior to any special election to be held in any city or town, the books of registration shall be opened for the registration of the names of the qualified electors therein, and shall remain open for ten days. In this case, the books were opened August 4th, and were kept open till August 13, 1911, both included. The election was held August 29, 1911. It will be seen that the books were opened twenty-five days before the election instead of twenty days as provided by the statute. While it is always better to comply literally with statutory requirements, still the slight variance in this case cannot be held to have vitiated the election, because it has not been made to appear that it affected the result. If it had been made to appear that a number of qualified electors sufficient to change the result had failed to obtain registration certificates, because the books were not open during the time

fixed by statute, and that they had thereby lost their right to vote, a more serious question would have been presented. But it does not appear that any qualified elector failed to obtain a registration certificate and the consequent right to vote on account of the variance for the time fixed by the statute. It follows that the irregularity complained of did not affect the result, and was, therefore, immaterial. *State v. Board,* 86 S. C. 460, 68 S. E. 676.

The next question is whether the proposed issue of bonds is illegal, because it will increase the bonded indebtedness of the town to an amount in excess of eight per cent. of the value of the property therein as assessed for taxation, and because it will increase the bonded debt of the territory embraced within the limits of both the town and School District No. 8 to an amount in excess of 15 per cent. of the taxable values thereof.

Section 7 of article VIII of the Constitution contains the following limitation: "No city or town in this State shall hereafter incur any bonded debt which, including existing bonded indebtedness, shall exceed eight per centum of the assessed value of the taxable property therein * * *;" and section 5 of article X of the Constitution includes a limitation similar to the above, prescribing an eight per centum limitation to the bonded debt of any political division, as well as the following additional limitation: "And wherever there shall be several political divisions or municipal corporations covering or extending over the same territory, or portions thereof, possessing a power to levy a tax or contract a debt, then each of such political divisions or municipal corporation shall so exercise its power to increase its debt under the foregoing eight per cent. limitation that the aggregate debt over and upon the territory of this State shall never exceed fifteen per centum of the value of all taxable property in such territory as valued for taxation by the State."

The foregoing provisions of the Constitution have been amended so that they do not now apply to bonds issued for the purposes for which the bonds here in question are to be issued. Section 7 of article VIII, above cited, was amended in 1910, and the amendment was ratified by the legislature in 1911 (27 Stat. 13) by adding at the end of said section the following: * * * "*Provided, further,* That the limitations imposed by this section and by section 5 of article X of this Constitution, shall not apply to the bonded indebtedness in and by any municipal corporation when the proceeds of said bonds are applied solely and exclusively for the purchase, establishment and maintenance of a waterworks plant, sewerage system, or lighting plant, and when the question of incurring such indebtedness is submitted to the freeholders and qualified voters of such municipality as provided in the Constitution, upon the question of other bonded indebtedness." It is contended, however, that this amendment is invalid, because it was not submitted to the people and adopted in the manner prescribed by the Constitution itself for the amendment thereof. To sustain that point section 2 of article XVI of the Constitution is relied upon. It provides as follows: "If two or more amendments shall be submitted at the same time, they shall be submitted in such manner that the electors shall vote for or against each of such amendments separately."

It is clear, upon the slightest consideration, that the submission of the amendment to section 7 of article VIII, as above quoted, including the amendment, by reference thereto, of section 5 of article X, was not in violation of the provision of section 2 of article XVI, above quoted, because there was really only one amendment submitted, and that had reference to only one subject—the limitation upon the bonded debt of municipal corporations. And it was intended by that amendment to remove all limitations imposed by said sections of the Constitution upon the

bonded debt of municipal corporations, when the bonds are issued for any of the purposes mentioned in said amendment. If section 7 of article VIII had been amended as above, without any direct reference to section 5 of article X, the provisions of the latter section in conflict with the amendment would have been repealed by necessary implication; and in like manner and for a like reason, so much of section 2021, volume I, Code 1902, as provides "that the aggregate bonded indebtedness of any city or town shall never exceed eight per centum of the assessed value of taxable property therein" has been repealed. That provision of the statute was really unnecessary, but it was enacted, presumably out of abundance of caution, to carry out the limitation implied by the Constitution, which has been removed by the amendment of section 7 of article VIII, as above quoted. *Bray* v. *Florence,* 62 S. C. 57, 39 S. E. 810; *Seegers* v. *Gibbes,* 72 S. C. 532, 52 S. E. 586.

Petition dismissed.