## 9414

### BEACHAM v. CITY OF GREENVILLE.

#### (89 S. E. 401.)

MUNICIPAL CORPORATIONS — FISCAL MANAGEMENT — LIMITATIONS ON BONDED INDEBTEDNESS.—Under Const., art. VIII, sec. 7, as amended, exempting certain cities, including Greenville, from certain limitations on bonded indebtedness prescribed therein, and by article X, sec. 5, *held* that the indebtedness of the city for sewerage and the indebtedness of the county and coterminal school district should not be included in computing the amount of bonded indebtedness which the city of Greenville was entitled to incur.

Before GARY, J., Greenville, April, 1916.    Affirmed.

Action by W. C. Beacham against the City of Greenville. Judgment for defendant, and plaintiff appeals.

The following is the decree of the Court below:

This case comes before me for a hearing upon the complaint and answer. The facts are not disputed. The city authorities of Greenville desiring to issue bonds in the sum of $40,000 for the purpose of acquiring, improving, and equipping a city hospital, submitted to the qualified voters of said city the question as to whether said bonds should be issued for said purpose. The result of said election was declared to be in favor of the issuance thereof and in conformity therewith, the city council proposed to issue said bonds, but some question arose as to their validity, and this action is brought for the purpose of determining the question. It is admitted that the taxable property of the county of Greenville is the sum of $18,000,000, that of the city of Greenville and also of school district 17, coterminal with the city, is the sum of $6,000,000, the bonded debt of the county of Greenville is admitted to be the sum of $735,000, and of school district 17 amounts to $105,000, but under the constitutional amendments of 1905 and 1911, and the cases of *Seegers* v. *Gibbes,* 72 S. C. 532, 52 S. E. 586, and

*Lillard* v. *Melton et al.,* 103 S. C. 10, 87 S. E. 421, no part of the bonded debt of the county and of school district 17 is to be considered in determining the question, and therefore these bonds must be excluded in the calculation of the bonded debt of the city of Greenville.

It is conceded that the total bonded debt of the city of Greenville is the sum of $833,500, that $175,000 of said debt is for sewerage, $475,000 for street and sidewalk improvements, and the remaining $183,500 is for all other purposes, other than sewerage and street and sidewalk improvements.

It cannot be questioned that under the amendment of 1911 the sewerage bonds must be excluded in the calculation of the bonded debt of the city of Greenville, so that the only outstanding bonds of the city that are to be considered in determining the validity of the proposed issue are the $475,-000 issued for street improvements and the $183,500 issued for other purposes, and under the amendment of 1905 the street improvement bonds also must be excluded in ascertaining whether the proposed issue would exceed the 8 per cent. limitation. So that it may be tabulated as follows, to show the proposed issue is within the constitutional limitations and legal:

Whole taxable property of city..............$6,000,000

15 per cent. of $6,000,000 amounts to........$ 900,000
Deduct street improvement bonds....$475,000
Also other bonds (other than for street
   improvement and sewerage)....... 183,500   658,500

This leaves a margin of....................$ 241,500

And it may be further tabulated as follows to show that the city could now issue $241,500 for any corporate purpose and be not only within the 15 per cent. limitation, as above shown, and yet not exceed the 8 per cent. limitation:

Outstanding bonds (other than for street im-
  provements and sewerage.)................$183,500
To this add the............................  241,500
                                           ─────────
Which makes a total of...................:........$425,000
Whereas 8 per cent. of the taxable property
  would be ...............................$480,000

For the foregoing reasons it is ordered that the complaint
be, and the same is hereby, dismissed.

The plaintiff appeals to the Supreme Court from the
decree on the following exceptions:

1. The presiding Judge erred in holding that no part of
the bonded debt of the county could be considered in deter-
mining the amount of bonds which could be issued by the
city of Greenville; whereas he should have held that the
bonded debt of Greenville county was $735,000, of which
one-third,. $245,000, was properly chargeable to the city
of Greenville in determining the amount which could be
issued by it.

2. The presiding Judge erred in holding that no part of
the bonded debt of school district 17 could be considered
in determining the amount of bonds which could be issued
by the city of Greenville; whereas he should have held that
the bonded debt of school district 17 was $105,000; that
said school district was coterminus with the city and that
the whole of said bonded debt should be charged to the city
of Greenville in determining the amount of bonds which
could be issued by it.

3. The presiding Judge erred in not adopting the follow-
ing as a correct statement of the bonded indebtedness and
limitation of the city of Greenville:

```
15 per cent. of $6,000,000....................$  900,000
City bonded debt....................$833,500
Proportion of county bonds......... 245,000
School district ................... 105,000 $1,183,500

Overissue ..............................$  283,500
```

4. The presiding Judge erred in deducting street improvement bonds, $475,000, from the $900,000 authorized issue by city.

5. The presiding Judge erred in holding that the city of Greenville was authorized to issue $241,500 of bonds.

6. That the presiding Judge erred in dismissing the complaint.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: 103 S. C. 10; 72 S. C. 532.

*Mr. Oscar Hodges,* for respondent, cites: 72 S. C. 532; 103 S. C. 10; 91 S. C. 413.

June 30, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for injunction to restrain the city of Greenville from issuing bonds, to the amount of $40,000, for the city hospital, which were voted at an election ordered for the purpose of deciding that question.

The appellant's attorneys in their argument state that it is impossible for them to differentiate this case from that of *Seegers* v. *Gibbes,* 72 S. C. 532, 52 S. E. 586, and they freely admit that if the Court adheres to the ruling therein announced, the city has the right to exclude from the calculations the two disputed items. This Court does adhere to its ruling in that case, and the judgment of the Circuit Court is affirmed, for the reasons stated by his Honor, the presiding Judge.