12695

SMITH v. LITTLEJOHN *ET AL.*

(148 S. E., 719)

138

*Mr. J. C. Fort,* for petitioner.

*Mr. C. S. Monteith,* for respondents, ▇▇▇▇▇▇▇▇▇

July 2, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE. ·

The petitioner seeks, in our original jurisdiction, an order, enjoining the respondents from issuing and selling certain bonds of their school district. There is but one real question raised, that relating to a constitutional matter. ·

Section 5 of Article 10 of the Constitution, adopted in 1895, contains the following provision: "The bonded debt of any county, township, school district. municipal corporation or political division or subdivision of this State shall never exceed eight per centum of the assessed value of all the taxable property therein. And no county, township, municipal corporation or other political·division of this State shall hereafter be authorized to increase its bonded indebtedness if at the time of any proposed increase thereof the aggregate amount of its already existing bonded debt amounts to eight per centum of the value of all taxable property therein as valued for State taxation."

That section of the article mentioned was amended by proper Acts of the General Assembly, and a vote of the electors of the State, in the following manner: "Provided, further, That the limitations imposed by this section shall not apply to School District No. 10, Cherokee County, such school district being hereby expressly authorized to vote

bonds to an amount not exceeding $300,000.00, the proceeds of such bonds to be applied solely for school purposes in said district, under such restrictions and limitations as the General Assembly may prescribe, and where the question of incurring such indebtedness is submitted to the qualified electors of said school district, as provided in the Constitution upon the question of bonded indebtedness."

The Act submitting the proposed amendment will be found at page 1354 of the Acts of 1922. The ratifying act will be found at page 4 of the Acts of 1923. It appears that there was an error in the first act of ratification, as the wrong section was mentioned in the Act, but that Act was repealed at the 1923 session. See pages 3 and 4 of the Acts of 1923.

Pursuant to the constitutional amendment the General Assembly, at the session of 1923, passed an act entitled, "An Act to Authorize the Trustees of School District No. 10 of Cherokee County, the State of South Carolina, to Order and Hold an Election on the Question of the Issue of Coupon Bonds of Said School District in an Amount not Exceeding Three Hundred Thousand ($300,000.00) Dollars, the Proceeds Thereof to be Used for the Purpose of Purchasing of Lots or Lot in Said School District and Erecting School Buildings Thereon and for Altering, Repairing or Adding to Existing Buildings and Equipping School Buildings." Act, March 8, 1923 (33 St. at Large, p. 567).

The bonds referred to in the last-mentioned legislative enactment were duly issued and are outstanding.

On March 16, 1929, the Governor approved an Act of the General Assembly, passed at the session of this year (36 St. at Large, p. 772), entitled, "An Act to Authorize and Empower the Trustees of School District No. 10 of Cherokee County to Borrow a Sum of Money not Exceeding Fifty Thousand ($50,000.00) Dollars and to Provide for the Levy of a Tax to Retire said Loan."

The Act last mentioned provides that the trustees of School District No. 10 of Cherokee County are authorized

to issue bonds to an amount not exceeding $50,000, "for the purpose of erecting, improving and repairing such structures as may by said trustees be deemed necessary properly to equip and maintain necessary school buildings." Following the passage of that last Act, the qualified electors of the school district approved the issue of the bonds referred to. It is this issue of bonds that the petitioner contends is illegal, and the issue of which he seeks to enjoin.

It is conceded by the parties that the assessed valuation of property for taxation in the school district is the sum of $3,846,939; that the outstanding bonded indebtedness of the district is $330,000 (including the issue of $300,000 pursuant to the Act of 1923); and that the sinking fund on hand for the retirement of the bonded debt is $21,000. It is admitted that the bonds lately voted, and proposed to be sold under the Act of 1929, added to the outstanding bonded debt, even deducting the sinking fund, will result in exceeding the 8 per cent. limitation of bonded indebtedness referred to in Section 5 of Article 10 of the Constitution; in fact, the bonded debt of the district is at this time slightly in excess of that limitation.

The respondents claim that the amendment to the Constitution as to School District No. 10 of Cherokee County, ratified by the General Assembly in 1923, permits the school district to issue bonds for school purposes, "under such restrictions and limitations as the General Assembly may prescribe," to an amount not exceeding $300,000, *in addition* to the 8 per cent. of the assessed value of the property of the school district permitted to be issued by Section 5 of Article 10. The petitioner contends that the amendment to the Constitution did not raise the percentage of limitation to which the school district might issue bonds, but merely authorized the school district to issue bonds not exceeding the sum of $300,000. And this is the question to be decided by this Court.

It is obviously clear that under the original provisions of Section 5 of Article 10 of the Constitution, School District No. 10 of Cherokee County could not issue any bonded indebtedness which exceeded 8 per centum of the assessed value of all the taxable property therein. It is evident, too, that the purpose of the General Assembly, and the people of the State, was to change that constitutional provision in so far as that particular school district was concerned.

The intention of the change sought to be made must be gathered from the language used in the amendment of 1923. The first thing stated in that amendment is "that the limitations imposed by" Section 5 of Article 10 "shall not apply to School District No. 10, Cherokee County. * * *". Undoubtedly, if the amendment had stopped there, all the limitations found in Section 5 of Article 10 would have been inapplicable to School District No. 10 of Cherokee County, and that district could have issued any amount of bonds authorized by the Legislature, and voted favorably by the qualified electors of the school district. But the amendment went farther. In lieu of the original limitations on School District No. 10, certain language fixing other limitations was inserted. The school district was authorized to vote bonds, but only under certain restrictions, namely: (1) That the bonds should not exceed $300,000; (2) that the proceeds of such bonds should be "applied solely for school purposes in said district, under such restrictions and limitations as the General Assembly may prescribe"; and (3) that the question of incurring the indebtedness must be submitted to the qualified voters.

In seeking the real intention of the amendment under consideration, it is altogether proper to compare the language used in that amendment with the language of other amendments to the same section and article of the Constitution which have been put into effect.

We find in the amendment relating to the school district of the town of Laurens this language: "Provided, further,

That the limitations imposed by this section shall not apply to the School District of the town of Laurens, said school district being hereby expressly authorized to vote bonds to an amount not exceeding twelve (12) per cent. of the value of all taxable property in said territory. * * * " See Code of Laws, 1922, Volume 1, page 586.

In the amendment affecting Lancaster School District, the language is as follows: "Provided, further, That the limitations imposed by this Section shall not apply to Lancaster School District within the County of Lancaster and embracing the town of Lancaster, such school district being hereby expressly authorized to vote bonds to an amount not exceeding One Hundred Fifty Thousand ($150,000.00) Dollars in excess of the bonds already issued and authorized." See Code of Laws, 1922, Volume 1, page 587.

It is clear that the 8 per cent. limitation as to Laurens school district was increased to one of 12 per cent. It is equally clear that Lancaster School District was authorized to issue bonds to the extent of $150,000 in excess of bonds already issued by that district. The General Assembly, in submitting the amendment under consideration as to School District No. 10 of Cherokee County, had before it the wording of these previous amendments, as well as many others. It knew, of course, that under the law passed by it, not even a constitutional amendment proposed by it and voted favorably by the people could impair the obligations of the school district already incurred under laws previously existing. It must, therefore, have been the legislative intent to wipe out the existing limitations as to School District No. 10 of Cherokee County, regardless of the assessed valuation of the property in that district for taxation purposes. If the district had taxable property to the extent only of $100,000, it had the right, under the amendment of 1923, with legislative sanction and the approving vote of the people, to issue bonds up to $300,000, for school purposes. Conversely, if the district had assessed property to the amount of $20,000,000, it

could not issue bonds to a greater amount than the sum of $300,000.

To sustain their position, the respondents cite the following cases: *Seegers v. Gibbes,* 72 S. C., 532, 52 S. E., 586; *Bethea v. Town of Dillon,* 91 S. C., 413, 74 S. E., 983; *Banks v. School District No. 18,* 129 S. C., 218, 123 S. E., 834, and *Brice v. McDow,* 116 S. C., 324, 108 S. E., 84, depending mainly upon that last named. With the exception of *Brice v. McDow, supra,* we do not think the cases referred to are in point. It is our opinion that the *Brice case* sustains very much the position of the petitioner, and for that reason we refer somewhat at length to the decision there, which related to an amendment affecting the bonded indebtedness of Yorkville School District. That amendment, ratified in 1915, was as follows: "Provided, further, That the limitations imposed by this section [Section 7, Article 8] and by Section 5 of Article X, of this Constitution shall not apply to the bonded indebtedness incurred by the school district of Yorkville, in the County of York, when the proceeds of said bond are applied exclusively to erecting or making additions to school buildings in the said district, and where the question of incurring such indebtedness is submitted to the qualified electors of said district, as provided in the Constitution, upon the question of bonded indebtedness." See Code of Laws, 1922, Volume 1, page 570.

The late Judge Ernest Moore went very carefully into many questions raised in that case, and his opinion was unanimously approved by this Court. The first words of that amendment are practically of the same effect as the language first used in the amendment in the case at bar, wherein it is declared "the limitations imposed by this section [Section 5, Article 10] shall not apply" to the school district named in the respective amendments. In the amendment as to Yorkville School District, no maximum amount of bonded indebtedness was fixed. It is altogether different in the amendment as to School District No. 10 of Cherokee County.

It was held in the *Brice case* that the amendment as to Yorkville School District gave that district power, without limitation, to issue bonds to raise funds to pay for the construction of buildings. Judge Moore said, and this Court affirmed his declaration, that: "It follows from the above conclusion that the objection to the eight per cent. and the fifteen per cent. limitation, * * * must also fail for the reason that such limitations are absolutely wiped out by the constitutional amendment." No substitute limitation was enacted in the amendment as to Yorkville. Here, the situation is entirely different. Under the authority of the *Brice case,* we must hold that the old limitation was "absolutely wiped out by the constitutional amendment," but a substitute limitation was introduced; that substitute was to the effect, and very plainly so stated, that School District No. 10 could issue bonds *"not exceeding $300,000.00."*

We sympathize with the people of the progressive school district, in which the growing and enterprising city of Gaffney is located, in their desires and efforts to erect handsome and commodious structures for the education of their children, but we do not see how it is possible to issue these bonds now purposed to be issued under the existing state of the law. This Court hesitates, of course, always, by any of its decisions, to declare an Act of the General Assembly unconstitutional, and to oppose the will of the people, as expressed at the ballot box, because their act is not within the limitations of the Constitution, but we, like the General Assembly and of the people of the State, are bound to support and defend the organic law made by the people themselves in their own right of sovereignty.

The judgment of this Court is that the petitioner is entitled to the injunction prayed for, and, upon proper application therefor, the writ will be issued.

Mr. Chief Justice Watts, and Messrs. Justices Cothran, Stabler, and Carter concur.