14212

MIDDLETON v. LITTLEJOHN *ET AL.*

(183 S. E., 593)

*Mr. R. W. Dobson,* for petitioner,

*Messrs. C. E. Saint-Amand,* and *Hall, Vassy & Hall,* for respondents,

January 21, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This is a controversy without action submitted under Section 668 of the Code of 1932. The petitioner, a resident tax-payer of School District No. 10 of Cherokee County, seeks to have the respondents, the constituted board of trustees, permanently enjoined from issuing certain bonds, the proceeds of which are to be used in the construction of a school building. The agreed case contains the following facts upon which the controversy depends: In 1923, an amendment to

Section 5 of Article 10 of the Constitution was ratified (33 Stat. at Large, p. 4), whereby it was provided: "That the limitations imposed by this section shall not apply to School District No. 10, Cherokee County, such school district being hereby expressly authorized to vote bonds to an amount not exceeding $300,000.00, the proceeds of such bonds to be applied solely for school purposes in said district, under such restrictions and limitations as the General Assembly may prescribe, and where the question of incurring such indebtedness is submitted to the qualified electors of said school district, as provided in the Constitution upon the question of bonded indebtedness."

Pursuant to this amendment, the Legislature passed an Act in 1923 (33 Stat. at Large, p. 567), authorizing and empowering the trustees of School District No. 10 of Cherokee County to issue and sell, for the purposes named in the statute, coupon bonds of the district in an amount not to exceed $300,000.00, provided a majority of the qualified electors of the district, at an election held to determine the question, should vote in favor of the issuance of such bonds. It was also provided, among other things, that the bonds should mature as follows: "Ten thousand thereof ten years from their date and ten thousand each year thereafter until all of said bonds have been retired and paid in full." Section 5, p. 568. Thereafter, under date of April 1, 1923, bonds of the district in the sum of $300,000.00 were issued and sold; and those of the issue maturing in 1933, 1934, and 1935, aggregating $30,000.00, have been paid, leaving outstanding a bonded indebtedness of $270,000.00. The assessed valuation of property for taxation in the district is $3,159,458.00. The present bonded debt, therefore, while less than that authorized by the amendment of 1923, is in excess of the 8 per cent. constitutional limitation.

In July, 1935, more than one-third of the resident freeholders of the age of twenty-one years and more than one-third of the resident electors of the district presented their

signed petition to the board of trustees asking that an election be called for the purpose of submitting to the voters of the district the question of the issuance of bonds in the sum of $30,000.00; the proceeds of same to be used as above indicated. The election was ordered, and the trustees, in pursuance of the result thereof, have sold and are about to issue and deliver bonds in the amount named, "the said bonds having maturities of Fifteen Hundred ($1,500.00) Dollars the first day of October in each of the years 1936 to 1955, inclusive."

The petitioner makes the following contentions: (1) That no bonds can be issued except as authorized by the Act of 1923, and as the authority conferred by that Act has been exercised in full, the district is now without any power at all to issue additional bonds, although its bonded indebtedness is less than the limit fixed by the constitutional amendment; (2) that the Legislature, having prescribed the restrictions and limitations authorized by the amendment, bonds cannot be issued under the general law, but only, if at all, under authority of additional legislation supplementing the Act of 1923.

This amendment was considered by the Court in *Smith v. Littlejohn et al.,* 151 S. C., 137, 148 S. E., 719, 720. The question there was whether it raised the percentage of the limitation to which the school district might issue bonds— that is to say, to an amount not exceeding the sum of $300,-000.00 *in addition to the 8 per cent. limitation.*

The Court said:

"It is obviously clear that under the original provisions of Section 5 of Article 10 of the Constitution, School District No. 10 of Cherokee County could not issue any bonded indebtedness which exceeded 8 per centum of the assessed value of all the taxable property therein. It is evident, too, that the purpose of the General Assembly, and the people of the State, was to change that constitutional provision in so far as that particular school district was concerned.

"The intention of the change sought to be made must be gathered from the language used in the amendment of 1923. The first thing stated in that amendment is 'that the limitations imposed by' Section 5 of Article 10 'shall not apply to School District No. 10, Cherokee County. * * *' Undoubtedly, if the amendment had stopped there, all the limitations found in Section 5 of Article 10 would have been inapplicable to School District No. 10 of Cherokee County, and that district could have issued any amount of bonds authorized by the Legislature, and voted favorably by the qualified electors of the school district. But the amendment went farther. In lieu of the original limitations on School District No. 10, certain language fixing other limitations was inserted. The school district was authorized to vote bonds, but only under certain restrictions, namely: (1) That the bonds should not exceed $300,000.00; (2) that the proceeds of such bonds should be 'applied solely for school purposes in said district, under such restrictions and limitations as the General Assembly may prescribe'; and (3) that the question of incurring the indebtedness must be submitted to the qualified voters."

In seeking the real intention of the amendment, the Court commented on the language of other amendments to the same section and article of the Constitution, which had been adopted and put into effect, and arrived at the following conclusion: "Under the authority of the *Brice case* [116 S. C., 324, 108 S. E., 84], we must hold that the *old limitation* was 'absolutely wiped out by the constitutional amendment,' but a substitute limitation was introduced; that substitute was to the effect, and very plainly so stated, that School District No. 10 could issue bonds, 'not exceeding $300,000.00.'"

We think petitioner's first contention is without merit. As has been pointed out by this Court (*McColl v. Marlboro Graded School District No. 10,* 143 S. C., 120, 141 S. E., 265), the obvious purpose of such amendments as the one before us is to enlarge the limita-

tions placed by the Constitution on the bonded indebtedness of school districts. It is not denied that under the old limitation School District No. 10 of Cherokee County had continuing authority to vote and issue bonds for school purposes, so long as the aggregate amount of all such bonds should not exceed 8 per cent. of the assessed valuation of the taxable property of the district. But, as held in *Smith v. Littlejohn, supra,* this old limitation, so far as it affected this school district, was "absolutely wiped out" by the amendment and a substitute limitation introduced, to the effect that the district could issue bonds not exceeding $300,-000.00. Giving to such amendment, therefore, the effect that was intended by its adoption, the Court holds that School District No. 10 of Cherokee County has continuing authority under such amendment, subject to the restrictions therein named (*Smith v. Littlejohn, supra*), to vote and issue bonds of the district solely for school purposes, provided that the aggregate amount of such bonds is never in excess of $300,000.00.

As to the second question, the petitioner argues that no additional bonds can be issued under the Act of 1923. This claim is based on the fact that, pursuant to such Act, bonds of the district were sold in the full amount of $300;000.00, under certain prescribed restrictions and limitations of the General Assembly as to how the proceeds should be applied. While this position seems to be sound, it cannot be successfully contended that the present proposed issue would be in any sense a reissue of the retired bonds, although it is true that it is made possible by such retirement. As we have held, the district has continuing authority, under such restrictions and limitations as the Legislature may prescribe, to issue and sell bonds for school purposes not in excess of $300,000.00. By reason of the retirement of a part of the old bonds, the bonded indebtedness of the district is now $270,000.00. The trustees, therefore, may issue and sell bonds for school purposes in the sum of $30,-

000.00, if so much should be desired, and still be within the constitutional limitation. The district, however, as we have indicated, has no authority to further act in the issuance of bonds under the statute of 1923; and bonds may be voted only under legislative restrictions and limitations, one of these being "that the proceeds of such bonds should be 'applied solely for school purposes in said district, under such restrictions and limitations as the General Assembly may prescribe.' " *Smith v. Littlejohn, supra*. In the admitted absence, therefore, of special applicable legislative enactment, the bonds here proposed to be issued and sold would not be valid and binding obligations of the district. The General Assembly may, however, within the constitutional limitation, empower the trustees of the district, by proper legislative action, to vote and issue such bonds, or any part thereof, under such restrictions and limitations as it may prescribe.

It may be well to state, in order that the extent and effect of the Court's holding may be entirely clear, that the conclusion herein reached is not intended to, and does not, overrule or in any way modify the decision in *McColl v. Marlboro Graded School District No. 10*, 143 S. C., 120, 141 S. E., 265, as the case before us, under the wording of the constitutional amendment, is easily differentiated from the *McColl case*. The decision in the latter case is hereby expressly approved and affirmed.

The judgment of the Court is that the respondents be, and hereby are, permanently enjoined from issuing the said bonds of the said school district, or any part thereof, in the manner proposed and attempted. And it is so ordered.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.