### 17549

W. C. BALDWIN, Appellant, v. Dossey H. McFADDEN, W. Carlisle Neely, J. B. Hart, John M. Simmons, and Ryan F. Lawson, constituting the Clinton Hospital Board of Directors, Respondents.

(109 S. E. (2d) 579)

*Cecil E. White,* Esq., of Clinton, *for Appellant,*

*Messrs. Tench P. Owens,* of Clinton, and *Huger Sinkler,* of Charleston, *for Respondents,*

July 1, 1959.

Moss, Justice.

The General Assembly of South Carolina, by an Act approved March 10, 1959, created the Clinton Hospital District in Laurens County, South Carolina. The Act provides for the appointment of a Board of Directors, and directs that they provide hospital facilities for the public of the district. The Act authorizes the Board of Directors, in order to obtain funds for the acquisition of land and the construction of a hospital, to issue not exceeding $550,000.00 of general obligation bonds of the said district.

The Clinton Hospital District is what is known as a special purpose district lying wholly in Laurens County, South Carolina, and it is overlapped in its entirety, by Laurens County, and likewise by School District No. 56, which is one of the two school districts into which the county is divided. All of the Town of Clinton is located in the said hospital district.

The appellant, W. C. Baldwin, is a resident and taxpayer of the Town of Clinton, and of the Clinton Hospital District. He brings this action for a declaratory judgment in his capacity as a taxpayer of the said district for the benefit of himself and all others similarly situated, pursuant to the provisions of Sections 10-2001—2014, inclusive, of the 1952 Code of Laws of South Carolina. The respondents constitute the Clinton Hospital Board of Directors, to whom is given the power to issue bonds by the Act above recited.

The contention of the appellant is that the issuance of bonds by the Clinton Hospital District, in any substantial amount, will result in a violation of the fifteen per cent constitutional limitation imposed by Art. X, Section 5, of the Constitution of 1895, which reads as follows:

"* * * And wherever there shall be several political divisions or municipal corporations covering or extending over the territory, or portions thereof, possessing a power to levy a tax or contract a debt, then each of such political divisions or municipal corporations shall so exercise its power to increase its debt under the foregoing eight per cent limitation that the aggregate debt over and upon any territory of this State shall never exceed fifteen per centum of the value of all taxable property in such territory as valued for taxation by the State: * * *".

It appears from the record that Laurens County and School District No. 56 already have bonded debt. The municipality of Clinton has bonded debt incurred for waterworks, electric lights, sewerage and street improvement purposes. The appellant asserts that the aforesaid bonded indebtedness should be taken into account in determining whether the bonded debt on the hospital district will exceed fifteen per centum, if such hospital bonds are issued and sold.

The respondents have conceded, and the Court below held, that they may not incur bonded debt which would exceed the fifteen per centum limitation, but asserted below that the bonded debt incurred by the municipality of Clinton for waterworks, sewerage, electric lights and street improvement purposes should be excluded from the calculation by reason of the special amendment to the Constitution of 1895, which relates to the municipality of Clinton, and to the other municipalities therein named, which is set forth as an amendment to Art. VIII, Section 7, of the Constitution of 1895, in Vol. VII, at page 223 of the 1952 Code of South Carolina, which said amendment provides as follows:

"* * * That the limitations imposed by this Section, and by Section 5, of Article X, of this Constitution shall not apply to the bonded indebtedness incurred by the towns of Aiken, in the County of Aiken; Camden, in the County of Kershaw; Cheraw, in the County of Chesterfield; Clinton, in the County of Laurens; Edgefield, in the County of Edgefield; and St. Matthews, in the County of Calhoun, when the

proceeds of said bonds are applied solely and exclusively for the building, erecting, establishing and maintenance of water-works, electric light plants, sewerage system or streets, and where the question of incurring such indebtedness is submitteed to the qualified electors of said municipality, as provided in the Constitution upon the question of bonded indebtedness: * * *."

The respondents also assert that the bonded debt of Laurens County should be excluded from the calculation required to determine if the fifteen per centum limitation was exceeded by reason of the special constitutional amendment relating to Laurens County, which is set forth as an amendment to Art. X, Section 5, of the Constitution of 1895, in Vol. VII, at page 277, of the 1952 Code of South Carolina, which said amendment provides as follows:

"Provided, further, That the limitations imposed by this Section shall not apply to Laurens County, such county being hereby expressly authorized to vote bonds to an amount not exceeding twenty per cent of the value of all taxable property within the limits of Laurens County as valued for taxation by the State; the proceeds of such bonds to be applied to the construction or maintenance of roads, bridges and public buildings within said county: Provided, further, That this limitation shall not be construed to affect or limit power of other political divisions or municipal corporations covering or extending over the territory of Laurens County or portions thereof, possessing a power to levy or contract a debt as now provided by law, or as may hereafter be provided by law."

This case was heard by the Honorable Steve C. Griffith, Resident Judge of the Eighth Judicial Circuit, who rendered a decree on April 18, 1959, sustaining the position of the respondents. He held that the bonded debt of Laurens County, and of the municipality of Clinton, for the purposes referred to above, are properly excludable from any calculation to be made to determine if the bonded debt to be incurred by the hospital district would exceed the fifteen per

centum limitation. The case is before this Court upon exceptions challenging such ruling.

The first question for determination is whether the bonded debt of the municipality of Clinton incurred for waterworks, electric light plant, sewerage and street improvement purposes, should be excluded from the calculation required to determine if the bonded debt to be incurred by the hospital district exceeds the fifteen per centum limitation prescribed by Art. X, Section 5, of the 1895 Constitution of this State, by reason of the specific constitutional amendment relating to Clinton, and certain other named municipalities, hereinabove set forth.

We think that the lower Court properly held that the bonded debt of the municipality of Clinton, which was incurred for the building, erecting, establishing and maintenance of waterworks, electric light plants, sewerage system or streets, should be excluded from any calculation to determine if the bonded debt incurred by the hospital district would exceed the fifteen per centum limitation. This is in accordance with the clear and unambiguous language above quoted. It has been held in a number of cases that bonds issued pursuant to a similar constitutional amendment for purposes similar to the amendment affecting the municipality of Clinton, should not be counted in determining the original constitutional limitations. Such a result was reached with respect to an amendment to the constitution which affected the City of Columbia. *Seegers v. Gibbes,* 72 S. C. 532, 52 S. E. 586. The *Seegers case* was quoted and followed in the case of *Davis v. Town of Saluda,* 147 S. C. 498, 145 S. E. 412.

The case of *Bethea v. Town of Dillon,* 91 S. C. 413, 74 S. E. 983, makes it clear that the enactment of an amendment to Section 7 of Art. VIII, including the amendment by reference thereto of Section 5 of Art. X of the Constitution of 1895, was intended to remove all limitations imposed by said Sections of the Constitution upon the bonded debt of municipal corporations when the bonds are issued for any of the purposes mentioned in said amendment.

In the case of *Lillard v. Melton,* 103 S. C. 10, 87 S. E. 421, 425, the Court, en banc, held that bonds issued by the City of Columbia for waterworks purposes, pursuant to an amendment to the Constitution, removed such debt from consideration in a calculation made to determine if Richland County had exceeded the fifteen per centum limitation. The Court said:

"It will not be questioned that the purpose of the waterworks bonds, old and new, is within the contemplation of those amendments to the Constitution (23 Stat. 616, and 27 Stat. 13) which provide that the limitation in section 7, article VIII, and section 5, article X of the Constitution, shall not apply to an issue where the proceeds are applied solely for the purchase, establishment, and maintenance of waterworks plants and other stated public utilities. Under these amendments, and the cases of *Seegers v. Gibbes,* 72 S. C. 532, 52 S. E. 586, and *Bethea v. Dillon,* 91 S. C. 413, 74 S. E. 983, these bonds must be excluded in a calculation of the bonded debt of the municipality, so far as this limitation is concerned. * * *"

In the case of *Beacham v. City of Greenville,* 104 S. C. 421, 89 S. E. 401, 402, it appears that the city authorities of Greenville were desirous of issuing bonds for the purpose of acquiring, improving and equipping a city hospital. The qualified voters of the city were favorable to the issuance and sale of bonds for said purpose. An action was instituted for the purpose of determining whether or not the bonds could be lawfully issued. The Court construed the amendments relating to the City of Greenville, which are found in Vol. VII, pages 222-223, of the 1952 Code of Laws of South Carolina. The amendment under consideration was somewhat similar to the amendment relating to the municipality of Clinton. The Court held, citing with approval the cases of *Seegers v. Gibbes,* and *Lillard v. Melton, supra,* that under the Constitution of 1895, Art. VIII, Section 7, as amended, exempting certain cities, including Greenville, from certain limitations on bonded indebtedness prescribed

therein, and by Art. X, Section 5, that the indebtedness of the City for sewerage, and the indebtedness of the county and coterminal school district should not be included in computing the amount of bonded indebtedness which the City of Greenville was entitled to incur for acquiring, improving and equipping the city hospital.

The appellant here concedes that what was said in the *Seegers v. Gibbes case* supports the holding of the Court below, but asserts that the statement in said case was not necessary to the decision. What was said in the *Beacham case* is here appropriate, and we quote therefrom the following:

"The appellant's attorneys in their argument state that it is impossible for them to differentiate this case from that of *Seegers v. Gibbes, 72* S. C. 532, 52 S. E. 586, and they freely admit that if the court adheres to the ruling therein announced, the city has the right to exclude from the calculations the two disputed items. This court does adhere to its ruling in that case, and the judgment of the circuit court is affirmed, for the reasons stated by his honor, the presiding judge."

We conclude that the Circuit Judge was correct when he held that the bonded indebtedness of the municipality of Clinton incurred for the building, erecting, establishing and maintenance of waterworks, electric light plants, sewerage system and streets was properly excluded in any calculations to be made to determine if the Clinton Hospital District may issue bonds.

The other question for determination is whether the lower Court was correct in excluding all bonded debt of Laurens County from the calculation required to determine if the bonded debt to be incurred by the Clinton Hospital District, a political subdivision overlapped by Laurens County, exceeds the fifteen per centum limitation prescribed by Section 5 of Art. X of the Constitution of 1895, by reason of the special constitutional amendment relating to Laurens County, above quoted. Vol. VII, page 277, 1952 Code. A review of

the many amendments to Art. X, Section 5, of the Constitution, convinces us that they were for the purpose of enlarging, not reducing, the original debt limits. The twenty per cent debt limit provided for Laurens County, in the amendment above quoted, was to apply to the issuance of bonds for the construction or maintenance of roads, bridges and public buildings within said county, and this amendment was added for its specified purposes. The amendment then provides that the limitation aforesaid shall not be construed "to affect or limit" other political subdivisions or municipal corporations, covering or extending over the territory of the county, or portions thereof, which possess a power to levy or contract a debt as is now or hereafter provided by law.

The appellant contends that the amendment relating to Laurens County evidences a clear intention to restrict bonded debt thereafter to be incurred by underlying political subdivisions or municipal corporations of the county, as a consequence of the exercise by the county of the power granted to it by the special amendment. The appellant argues that if the amendment had intended that the debt of Laurens County was to be excluded, the word "limit" only would have been used, but that the use of the word "affect" is used in a restrictive sense. It must be conceded that where clear and unequivocal language is used in a constitutional amendment, such must be given its normal, natural and intended meaning. Certainly, there is no clear and unequivocal intention expressed in the amendment, that the exercise by Laurens County of the power to incur additional bonded debt, should decrease the power of underlying political units to incur bonded debt. To adopt the construction contended for by the appellant would be contrary to what we think was the clear intention expressed in the amendment under consideration.

The word "affect" is more frequently used to mean "to act upon injuriously; to weaken; to debilitate;" the word "affect" has also been used as synonymous with "impair". *Ryan v. Carter*, 93 U. S. 78, 84, 23 L. Ed. 807. The proviso

of the amendment under consideration says that it shall "not" be construed to "affect", thereby meaning that the adoption of the amendment should not act injuriously, or weaken, or impair the power of any underlying political sub-division or municipal corporation to issue bonds as provided by law. In other words, it is reasonable to conclude, as did the Circuit Judge, that it was intended that action pursuant to the amendment by Laurens County, should not adversely affect the right of other political subdivisions to incur bonded indebtedness; and that the bond debt incurred by Laurens County should be excluded from calculation made to determine if other political subdivisions might issue bonds.

In the case of *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15, 20, we quote with approval from the case of *Wragge v. South Carolina & G. Railroad Co.,* 47 S. C. 105, 25 S. E. 76, 83, 33 L. R. A. 191, the following:

"One of the primary rules in the construction of a statute is that the words used therein should be taken in their ordinary and popular signification, unless there is something in the statute requiring a different interpretation. Cooley Const. Lim., 58, 59; Potter, Dwar. St. 127, 622. This is really nothing more than a rule of common sense, for it must be supposed that the legislature, in enacting a statute, intended that the words used therein should be understood in the sense in which they are ordinarily and popularly understood by the people, for whose guidance and government the law was enacted, unless there is something in the statute showing that the words in question were used in some other sense."

See in this connection the case of *Bray v. City Council of Florence,* 62 S. C. 57, 39 S. E. 810.

We again recur to the case of *Beacham v. City of Green-ville, supra,* where it was held that indebtedness of the City of Greenville for sewer construction, and indebtedness of Greenville County and a coterminal school district should not be included in computing the amount of bonded indebtedness

which the City of Greenville was entitled to incur for hospital purposes.

We conclude that the bonded debt of Laurens County, as well as that of the Town of Clinton, for the purposes referred to above, are properly excludable in any calculation to be made to determine if the Clinton Hospital District may issue bonds. After excluding the bonded debt aforesaid, the hospital district may avail itself of the authorization contained in the Act of the General Assembly of this State, approved March 10, 1959, creating the Clinton Hospital District, and authorizing the Board of Directors to issue not exceeding $550,000.00 of general obligation bonds, provided that the aggregate of the bonded debt imposed upon any part of the territory constituting the Clinton Hospital District does not exceed fifteen per centum of the assessed value of such territory or any part thereof.

Affirmed.

STUKES, C. J., TAYLOR, OXNER and LEGGE, JJ., concur.